GOULD & CO. v. GAGE, HITCHCOCK & CO.

ERROR TO THE COURT OF COMMON PLEAS NO. 4 OF PHILADELPHIA COUNTY.

Argued January 19, 1888—Decided February 6, 1888.

1. A mere copy of a note filed in an assumpsit thereon, unaccompanied by a statement signed by the plaintiff or his attorney showing the amount he believes is justly due, is an insufficient statement, under the act of May 25, 1887, P. L. 271, to entitle the plaintiff to judgment for want of an affidavit of defence.

2. An affidavit of defence making a mere averment of a warranty, without more, not disclosing whether it was express or implied, its terms, and when, by whom and by what authority made; and whether the goods were retained, or, not being returned, stating their market value with reasonable accuracy and liquidating the defendant's damages, is insufficient.

3. Kaufman v. Iron Co., 105 Pa. 541, followed.

Before GORDON, C. J., PAXSON, STERRETT, GREEN, CLARK and WILLIAMS, JJ.; TRUNKEY, J., absent.

No. 189 July Term 1887, Sup. Ct.; court below, No. 338 June Term 1887, C. P. No. 4.

On June 4, 1887, a summons in trespass on the case was issued in an action by C. W. Gage, C. Hitchcock and A. S. Gage, trading as Gage, Hitchcock & Co., against John H. Gould, trading as Gould & Co., returnable to June 6th, the first Monday of June. On June 11th, the plaintiffs filed a paper, unverified by affidavit, which, after the caption, was as follows:

The plaintiffs in the above case file the following, a copy of the promissory note upon which their suit is brought:

$663.50                         PHILADELPHIA, March 24, 1887.

Two months after date, we promise to pay to the order of Gage, Hitchcock & Co., six hundred and sixty-three $\frac{50}{100}$ dollars, at office and factory, 305 to 311 South Second street, without defalcation, for value received.

GOULD & CO.

On June 15, 1887, a notice was served by the direction of the plaintiffs' attorney upon the attorney of the defendant, that, " having filed a copy of the promissory note, I shall apply for judgment for want of an affidavit of defence, in accordance with the usual practice, on June 25, at 11 o'clock A. M. If, at such time, the court refuse to grant judgment, I shall apply for the same in the office of the prothonotary, on June 29, at 9 o'clock A. M., treating the said copy filed as a statement under the provisions of the act of assembly of May 25, 1887, P. L. 271."

On June 18, 1887, the defendant filed an affidavit setting forth: That he had not been served with a statement of plaintiffs' demand, according to the act of assembly in such case made and provided, approved May 25, 1887; and further, that he was advised and believed that this suit was not brought in assumpsit, although founded upon a promissory note, and further, that he had a just, true and legal defence to part of the plaintiffs' claim, but that he is advised by counsel that it is

not necessary to refer to the same, since the suit instituted is. defective and brought without warrant at law. All of which he believes to be true and expects to be able to prove.

On June 28, 1887, on proof of service of the notice above mentioned upon the defendant's attorney, a rule to amend the form of action from case to assumpsit was granted, which was made absolute on July 2d, and on the same day a rule was granted upon the defendant to show cause why judgment should not be entered for want of a sufficient affidavit of defence, a supplemental affidavit of defence to be filed on or before July 9th.

On July 8, 1887, the defendant filed a supplemental affidavit of defence which averred :

This suit is founded on a promissory note given for extension tables which this affiant purchased from said plaintiffs, upon the warranty that they would be of the same kind and quality as a previous lot sold and delivered by the said plaintiffs to this affiant. On the faith and credit, however, of said warranty this affiant gave the promissory note in suit, but on examination of said tables they proved to be defective, and different entirely in quality, material and finish from the previous goods which these were warranted to be similar to. That the said goods proved unsalable by reason of said defect in quality and indifferent finish, and wholly unfit for defendant's trade, and are not worth to this defendant one half of the price charged by plaintiffs for the same. All of which deponent believes to be true, and expects to be able to prove at the trial of the cause.

On July 9, 1887, the court, ARNOLD and WILLSON, JJ., made the rule for judgment absolute. On the same day, judgment was entered for $667.91 and a writ of fieri facias issued, which writ was superseded by the taking of this writ by the defendant, who assigned that the court below erred:

1. In awarding judgment for want of a sufficient affidavit of defence.

2. In awarding judgment for the full amount of the note, the affidavit of defence being sufficient on the merits.

3. In awarding judgment for want of an affidavit of defence, the plaintiffs below not having complied with the provisions of the statute in such case made and provided, by filing

a proper statement of claim, and serving a copy thereof fifteen days after the amendment of the action, or at any other time.

*Mr. J. Howard Gendell* (with him *Mr. John C. Grady*), for the plaintiff in error:

1. Apart from the recent act of April 13, 1887, P. L. 21, providing that there shall be an implied warranty on the part of the seller that the goods sold and to be delivered are the same in quality as the sample shown, the affidavit distinctly sets forth a warranty and avers that the purchase was on the faith of the warranty. The purchase was made "upon the warranty that they would be of the same kind and quality," etc.; the note was given "on the faith and credit of said warranty;" the "said tables proved to be defective entirely in quality, material and finish;" by reason of which defects they proved unsalable and wholly unfit for defendant's trade and were not worth one half the price charged. Here was a warranty, a breach of it, and damages.

2. On the question of practice, the statement of the facts is all the argument necessary.

*Mr. Samuel W. Cooper* (with him *Mr. Samuel Wagner*), for the defendants in error:

1. There is nothing in the new procedure act of 1887, P. L. 271, requiring a *copy* of the statement to be served. The action, though in trespass on the case, became an assumpsit upon the filing of the copy of the note, and the formal amendment of the name of the action was all that was necessary.

2. The copy of the note filed sets forth everything requisite under the act of March 21, 1806, 4 Sm. L. 328: Purviance v. Dryden, 3 S. & R. 405; Boyd v. Gordon, 6 S. & R. 53; Bailey v. Bailey, 14 S. & R. 198; Morgan v. Bank, 3 P. & W. 391. Section 3 of the act of May 25, 1887, provides that the plaintiff's declaration "shall consist of a concise statement of his demand, as provided by the fifth section of the act of the twenty-first day of March A. D. 1806." Moreover, the notice given to the defendant's attorney of the filing of the statement was good notice to the defendant himself: Act of April 14, 1834, P. L. 354; Wilson v. Young, 9 Pa. 101; Sellers v. Burk, 47 Pa. 344.

3. When an affidavit of defence involves an issue of fact, the affidavit must state facts and all the facts necessary to constitute a substantial defence. The mere averment of a warranty, without more, is bad. The affidavit should disclose whether it was express or implied, its terms, and when and by what authority it was made: Kaufman v. Iron Co., 105 Pa. 541; McCracken v. Church, 111 Pa. 106; Noble v. Kreuzkamp, 111 Pa. 68; Dewey v. Dupuy, 2 W. & S. 556. Under these rulings the affidavit of defence was clearly insufficient.

4. Where the averment of a warranty and its breach is made, the defendant must show a return within a reasonable time, or that he retained the goods, and the exact difference in value : Frankenfield v. Freyman, 13 Pa. 56 ; Dailey v. Green, 15 Pa. 118 ; Buffington v. Quantin, 17 Pa. 310 ; McCracken v. Church, supra ; Louchheim v. Becker, 3 W. N. 449; Griel v. Buckius, 114 Pa. 187.

OPINION, MR. JUSTICE CLARK :

The summons in this case was issued June 4, 1887, and was therefore subject to the provisions of what is commonly known as the new " Procedure Act " of May 25, 1887, P. L. 271.

The writ was inadvertently issued in trespass on the case, but this was amendable, and on the 2d July following the action was changed to assumpsit. The writ was returnable on the first Monday (6th) of June. On 11th June a copy of the note was filed, and on the 15th notice thereof given. On the 18th June an affidavit of defence was filed, and on the 2d July a rule for judgment entered. On the 8th July a supplemental affidavit was filed, and on the 9th, judgment was entered for want of sufficient affidavit; this is the error complained of.

It is contended in the first place that the plaintiffs were not entitled to judgment, as they had filed no statement. The third section of the act of May 25, 1887, provides, that the plaintiff's declaration shall consist of a concise statement of the plaintiff's demand, as provided by the 5th section of the act of March 21, 1806, which, in the action of assumpsit, shall be accompanied by copies of all notes, etc., upon which the plaintiff's claim is founded, and that the statement shall be signed by the plaintiff or his attorney, and in the action of assumpsit shall be replied to by affidavit, etc.

The fifth section of the act of March 21, 1806, provides that in certain cases the plaintiff shall file in the office of the prothonotary a statement of his, her, or their demand, etc., "particularly specifying the date of the promise, book account, note, bond, penal, or single bill, or all or any of them, on which the demand is founded, and the whole amount which he, she, or they believe is justly due to him, her or them from the defendant." In this case the plaintiffs filed a copy of their note only, and they claim that this is a sufficient statement under the act of 1806. This may be so, but no case has been brought to our notice in which this precise point has been adjudicated; in all the cases under that act, an informal statement would seem to have been filed, giving not only the particulars of the claim, which might appear by the copy, but specifying also, as the act requires, the whole amount which the plaintiff believed to be justly due, etc.

But if the copy of the note alone were considered a sufficient statement under the act of 1806, we cannot agree that it may be so considered under the act of 1887; for the latter act expressly provides, that the concise statement of the plaintiff's demand shall, in the action of assumpsit, be accompanied by copies of all the notes, etc., upon which the suit is brought. The copy filed, as a statement under the act of 1887, is defective in several particulars : first, it does not state the amount which the plaintiffs believe is justly due upon the note; second, it is not a statement accompanied by a copy of the note; and third, it is not signed by the plaintiff or his attorney, as the act of 1887 expressly requires.

This is the first case which has reached this court involving the practice under the new procedure act, and we think it better that. we should start right. The provisions of the statute in this respect are plain, and should be observed. The object of the act is, doubtless, to dispense in ordinary cases with precise and technical pleadings ; but in order to obtain substantial justice the statement should convey to the defendant the nature and extent of the plaintiff's claim, which the mere copy of the instrument in suit would not in all cases do.

We are of opinion, therefore, that the record was not in condition to justify the plaintiffs in demanding a judgment for want of an affidavit. or for want of a sufficient affidavit, at the

time this judgment was entered, and upon this ground the judgment must be reversed.

Upon the question of the sufficiency of the affidavit we think the court was right; the affiant alleges that the note was given for extension tables, which he purchased from the plaintiff upon the warranty that they would be of the same kind and quality as a previous lot, etc. " The mere averment of a warranty, without more," as we said in Kaufman v. Iron Co., 105 Pa. 541, "is bad; the affidavit should disclose whether it was express or implied, set forth its terms, and state when, by whom, and by what authority it was made."

The affiant further says, the tables were "wholly unfit for the defendant's trade, and not worth to this defendant," etc. As the defendant kept the goods, and did not return them, it was immaterial whether they were fit for his particular trade or not, or what they were worth to him; he should state their value in the market, with reasonable accuracy, and liquidate his damages accordingly. The affidavit is general in its terms, and evasive in its effect.

> The judgment is reversed, and a procedendo awarded.