# E. OGDEN ET AL. v. J. M. BEATTY.

APPEAL BY PLAINTIFFS FROM THE COURT OF COMMON PLEAS NO. 4 OF PHILADELPHIA COUNTY.

Argued March 28, 1890—Decided October 13, 1890.

[To be reported.]

1. When goods sold with a warranty of quality* are retained by the purchaser, the measure of damages for a breach of the warranty is the difference between the market value of the goods contracted for and that of the goods delivered, and in an action for the price the purchaser may interpose this difference as a defence pro tanto.

2. An affidavit of defence, setting up a breach of the warranty, in such a case, should contain a clear and concise statement of the facts constituting a basis for an assessment of damages under the legal rule by which they are measured; and if it does not set forth all the elements of a defence with reasonable certainty, it is insufficient.

---

* See act of April 13, 1887, P. L. 21, "relative to sales by sample."

Statement of Facts.

(a) In an action upon a book account for yarn sold, and also upon four promissory notes, the affidavit of defence averred that the notes were given for yarn purchased; that said yarn, and also the yarn covered by the book account, were bought by sample, the defendant exhibiting a sample to the plaintiffs at the time of the purchase.

(b) That the yarn delivered was inferior in grade and quality to the sample, and by reason thereof the defendant lost, through claims made on him by his customers and their cancellation of contracts with him, in consequence of the poor quality of cloth manufactured from said yarn, many thousands of dollars in excess of the amount sued for:

3. The affidavit was deficient in not stating specific facts on which to rest the legal conclusions invoked; and, as it stated nothing which would render the alleged claims of the defendant's customers, or their cancellation of contracts with him, proper items of damage, and its inferences and conclusions were unauthorized by its facts, it was insufficient to prevent judgment.

Before PAXSON, C. J., GREEN, CLARK, McCOLLUM and MITCHELL, JJ.

No. 113 January Term 1890, Sup. Ct.; court below, No. 319 March Term 1889, C. P. No. 4.

On May 4, 1889, Emanuel Ogden, John D. Hutchinson and George Hutchinson brought assumpsit against James M. Beatty, trading as James M. Beatty & Co. The plaintiffs filed a verified statement of claim, declaring upon a book account for yarn sold by them to the defendant, amounting to $1,118.75, and also upon four promissory notes, three of which were drawn by the T: Hermann Manufacturing Company and indorsed by the defendant, the fourth note being drawn by the defendant to the plaintiffs' order. The plaintiffs' claim as stated, was for $6,033.40, with interest thereon, and also $5.99, costs of protest upon said notes.

The defendant filed an affidavit of defence which averred:

"I have a defence to the whole of plaintiffs' claim in this suit of the following character: The notes in suit were all given for payment for yarn bought by me from plaintiffs, and all of said yarn, together with the yarn claimed for in plaintiffs' statement, was bought by me by sample which was shown by me to John Hutchinson, the member of plaintiffs' firm from whom I bought the yarn. The yarn delivered was of a lower grade than the sample and very much inferior thereto in quality, by reason of which I lost very much more than the amount plaint-

iffs claim in this case, by reason of claims made on me by my customers on account of the poor yarn in the cloth manufactured from the said yarn, and by reason of the cancellation of contracts made with me by customers on account of the lower grade and inferior quality of the yarn. My loss directly by reason of the lower grade and inferior quality of said yarn amounts to many thousands of dollars in excess of the amount claimed by plaintiffs in this case.

" I expect to prove these facts on the trial of this case."

—A rule for judgment for want of a sufficient affidavit of defence was taken and, after argument thereof, discharged; exception.[2] Thereupon the plaintiffs took this appeal, specifying that the court erred:

1. In refusing to enter judgment for want of a sufficient affidavit of defence.

2. In discharging the rule for judgment.[2]

*Mr. George H. Earle, Jr.* (with him *Mr. Richard P. White*), for the appellants:

1. This was not a sale by sample, although so called in the defendant's affidavit. A sample is " a portion of the goods to be sold, fairly taken from the bulk," and that term is inaccurately used in the affidavit, as the substance of the allegation is that certain goods were ordered by description, that is, the defendant showed to the plaintiff certain goods, and ordered certain other goods to be of the same description. The affidavit describes neither the goods shown to the plaintiffs, nor the goods received by the defendant under his order. Nor does it aver an agreement or warranty that the goods ordered should correspond with those shown. Whatever is not stated in an affidavit of defence is taken not to exist: Lord v. Ocean Bank, 20 Pa. 387. The defendant's allegation that he made a purchase by sample, is merely his own conclusion, and his general averment thereof is insufficient: Gould v. Gage, 118 Pa. 565; Stitt v. Garrett, 3 Wh. 283.

2. But if the defendant had properly alleged a warranty, the affidavit would still remain wholly frivolous and evasive, as, when it comes to state the breach of warranty, it does not deal in facts, but merely in adjectives and opinions. It does not state a single fact in support of the defendant's opinion respect-

Arguments.

ing the quality of the goods; and the averments in this affidavit, being mere matter of opinion, upon which no indictment for perjury would lie, it does not comply with the requirements of the affidavit of defence law: Gould v. Gage, 118 Pa. 561; Erie City v. Butler, 120 Pa. 382; Stitt v. Garrett, 3 Wh. 283. Moreover, the affidavit fails to state properly the damages alleged to have been suffered. They are averred simply as a general statement of results, from unstated facts and unnamed conclusions of law. As the defendant nowhere denies getting and keeping the goods, he is bound, in any case, to pay what they were worth, notwithstanding their defects. His affidavit is an attempt to usurp the court's function of determining the law on facts stated, and is insufficient: Stitt v. Garrett, 3 Wh. 283; Gould v. Gage, 118 Pa. 565; Louchheim v. Becker, 3 W. N. 449; McCracken v. Congregation, 111 Pa. 106.

*Mr. Josiah R. Adams*, for the appellee:

1. While the strict legal definition of sale by sample is in accordance with the plaintiffs' contention, among the ordinary significations of the word sample are: " specimen, example, illustration." An affidavit is not defective because of omitting to use words in a technical sense. It is enough if they are used with their ordinary conventional significance. There is nothing in the act of April 13, 1887, P. L. 21, which provides that there shall be an implied warranty in all sales by sample, unless otherwise agreed, to limit the use of the word sample; and, according to the plain meaning of the act, the warranty arises, whether the sample was shown by the vendor or by the vendee.

2. It is impossible to tell from a casual inspection of yarn, when delivered, whether it comes up to the sample on which it has been ordered. That can be told only by the use of the yarn after it is put in course of manufacture. As to what makes yarn poor and unfit for use, there is no standard in words that can be applied. Inferior yarn makes poor goods, and the affidavit distinctly says that the defendant's loss was incurred by reason of the poor yarn in the cloth manufactured therefrom. No other test can be suggested; nor could this test be averred or applied in more emphatic words than have been used in this case.

3. That the amount of the defendant's loss is not stated in

Opinion of the Court.

figures is unimportant, inasmuch as it is averred to be in excess of the plaintiffs' claim. In the ordinary case, when the damages claimed are less than the bill sued for, there is necessity for an exact statement. And it is no argument to say that the defendant kept the yarn and did not offer to return it. It would be impossible for him to do so. The quality of the yarn could not be ascertained until it was manufactured into goods, and the goods placed on the market. The goods manufactured and sold by the defendant, and not paid for because of the poor quality of the yarn, represent not only the value of the yarn, but that of other materials, labor, rent, etc. The yarn was not only worth nothing to the defendant, but was destructive of his entire product. On an appeal of this kind there can be a reversal only for a clear case of error in law: Griffith v. Sitgreaves, 81* Pa. 378.

OPINION, Mr. JUSTICE McCOLLUM:

It is averred in the affidavit of defence that the notes and account in suit represent the price of yarn purchased by the defendant of the plaintiffs, by sample which he exhibited to them; that the yarn delivered by the plaintiffs to the defendant was inferior in grade and quality to the sample shown, and that, in consequence thereof, he has sustained damage to the amount of many thousand dollars in excess of the sum demanded by the plaintiffs. It is to be noted that neither the quantity, market price, or quality of the yarn purchased or of the yarn delivered, is stated in the affidavit. It contains, in general terms, a suggestion of a loss of custom and a cancellation of contracts, as a result of a breach of warranty, but it is clearly deficient in the statement of specific facts on which to rest the legal conclusions invoked. It does not allege that the plaintiffs were manufacturers of yarn, that the defendant was a manufacturer of cloth, or that the former knew for what purpose the yarn was purchased by the latter. Its inferences and conclusions are not authorized by its facts. There is nothing in it on which to ground a claim for damages, embracing loss of custom or a cancellation of contracts.

Where goods are sold with a warranty of quality, and are retained by the purchaser, the measure of damages for a breach of the warranty is the difference between the market value of

Opinion of the Court.

the goods contracted for and of the goods delivered. In an action for the price of the goods, the purchaser may interpose this difference as a defence pro tanto. If an affidavit of defence is required, it should contain a clear and concise statement of the facts which constitute a basis for an assessment of the damages under the legal rule by which they are measured. All the elements of a defence should appear with reasonable certainty in the affidavit, and, if any fact essential to complete the defence is omitted, the affidavit is insufficient. In the present action, the defendant alleges that he has sustained great loss by reason of claims made on him by his customers, and their cancellation of contracts with him, because of the low grade and inferior quality of the yarn; but he has not stated a single fact which would make these matters proper items of damage on a breach of the warranty. An affidavit so vague and evasive, and so radically wrong in its conclusions, upon the few facts it contains, cannot be approved. In the absence of an averment to the contrary, it is fair to presume that the yarn was inspected by the purchaser when he received it, and that he then knew its grade and quality, and made no complaint as to either.

> The judgment is reversed; and it is ordered that the record be remitted to the court below, with direction to enter judgment against the defendant for such sum as to right and justice may belong, unless other legal or equitable cause be shown why such judgment should not be entered.*

---

*See Titusville Iron Works v. Keystone Oil Co., 130 Pa. 211.