RATHBUN CO. v. BALPH et al.'

(Circuit Court, W. D. Pennsylvania. June 18, 1896.)

1. AFFIDAVIT OF DEFENSE—SET-OFF.

An affidavit of defense, under the Pennsylvania practice, to an action for the price of cement, which claims a set-off because of inferior quality, whereby the ceilings and walls of buildings erected by defendants cracked, and part of the floors broke and fell out, is insufficient, where the extent of the damage, the amount of the various items of loss, or the cost of repairs are not specifically stated.

2. SAME.

An affidavit of defense to an action for the price of cement, which claims a set-off because of inferior quality, whereby defendants' building construction was defective, so that they lost other contracts, and the value of a patent under which they were operating was impaired, is insufficient, where the contracts lost are not specified, only the gross amount of damages is averred, and the losses are not shown to be connected with the contract of sale.

H. & G. C. Burgwin, for plaintiff.
R. A. & Jas. Balph, for defendants.

BUFFINGTON, District Judge. The Rathbun Company, a corporation of the dominion of Canada, bring suit against the Columbian Fireproofing Company to recover for a quantity of cement sold and delivered. This cement (with some other small items), to the extent of $5,770.46 in value, was furnished to the defendant at Toronto, Canada, from September 14, 1895, to December 12th following. It was used by defendant to fireproof two buildings in that city, under a patented process for which the defendant company owned the Canadian and United States patents. On December 4, 1895, the defendant company gave on account a note for $1,500, at 60 days, and later accepted a draft, dated December 30, 1895, for $1,500 at one month. These were not paid at maturity, and to recover the amount of these, together with $1,270.46, the balance of the account,—in all the sum of $4,270.46,—this suit is brought. To this demand the defendant has filed an affidavit of defense in which credit is claimed for $1,091.83, which is alleged to have been paid by Robert S. Simpson to the plaintiff on account of the defendant; also, for $148.53 for a number of jute bags returned. In addition thereto, the defendant claims an offset against plaintiff in the sum of $4,432.67, for damages sustained by it by reason of the plaintiff having furnished an inferior quality of cement in breach of its contract. The plaintiff moves for judgment for want of a sufficient affidavit of defense.

After a careful examination of the questions raised, we are of opinion the rule is well taken, and must be made absolute, except as to the items hereafter noted. The affidavit avers that plaintiff company agreed to sell it all the cement necessary for fireproofing the Simpson and Globe Printing Company Buildings in Toronto, and it was to be of a kind known as "Star Portland" cement; that, of that furnished, a large quantity—how much the affidavit fails to state—was not "Star Portland," but of an inferior kind and quality; that, by reason of the use of this inferior article in the work, a large part of the floors in the Simpson Building broke, and

fell out. The affidavit does not state the amount of floor space thus broken, the cost of replacing it, or the damage incurred by defendant by reason thereof, although it shows they were replaced by defendant. The cost of doing it was evidently within defendant's knowledge. It further states that the inferior cement used caused certain floors and ceilings in both buildings to crack; that they were rejected by the owners, who refused to pay defendant for fireproofing the buildings. No details are given as to what or how many ceilings or floors cracked, the extent of the cracks, the damage done thereby, or the amount of damages claimed or retained by the owners of the buildings. It is averred that by reason of these defects the defendant was subjected to the distrust and suspicion of the architect and the owners of the building, and by reason of this distrust was hindered and subjected to great additional expense in the work of construction. The nature and extent of this hindrance, and the damage done thereby, are not stated. The allegation is made that, by the discredit thus brought on its system of fireproofing, the defendant lost or was prevented from getting valuable contracts, and the value of its patents was impaired. What contracts defendant lost, what they were for, the amount of damage suffered thereby, or the amount of depreciation in the value of the patents is not stated. In all these respects the affidavit is vague, uncertain, and lacks definiteness. The terms used and assertions made are very general, and there is a marked absence of detail. There is not a specific allegation of the nature or extent of the several items of damage, and no fixing of the money value thereof. In the nature of things, the cost of replacing the broken floors in the Simpson Building was a matter capable of being quite accurately stated. The same remark applies to the cracked and damaged walls and ceilings of both buildings. But a mere general allegation of damage, with a total avoidance of detail, will not avail. See End. Affid. Defense, 510. Such details and money value should be stated; for, if stated, the plaintiff may concede them, and take judgment for the balance. Watson v. Galloway, 1 Wkly. Notes Cas. 109. It is true the affidavit lumps most of these items together, and avers damages in a gross sum of more than sufficient to cover plaintiff's claim; but in this aggregate are included items of alleged set-off which, under the allegations of the affidavit, are not shown to be proper items of set-off, to wit, the loss of prospective contracts, and the impairment of the value of the patents. There is nothing shown in the affidavit to connect such losses, even if the amount of them was stated (which is not done), with the contract of sale. The facts stated do not show they were a necessary, or even probable, sequence of a failure on the part of the vendor to fulfill the contract. In the absence of the allegation of facts in this regard, we may deem them wholly speculative and remote, and not proper grounds of set-off in this action. Pittsburgh Coal Co. v. Foster, 59 Pa. St. 365; Ogden v. Beatty (Pa. Sup.) 20 Atl. 620; Express Co. v. Egbert, 36 Pa. St. 364; Fessler v. Love, 48 Pa. St. 407. Such being the case, the court cannot, from the affidavit, determine whether

the gross amount of damages alleged applies to those items which are legitimate grounds of set-off, or to those which are not. Indeed, the general absence of specific allegations and data in the affidavit would seem fatal to its efficacy to prevent judgment. Kaufman v. Iron Co., 105 Pa. St. 541; Ogden v. Beatty (Pa. Sup.) 20 Atl. 620.

The two items, of the Simpson payment of $1,091.83, and the credit for jute bags returned $148.53, are properly averred so as to prevent judgment; but the others are not. In accordance with the provisions of the act of the Pennsylvania assembly of May 25, 1887 (section 6), to which the practice of this court conforms, judgment may be moved for want of a sufficient affidavit of defense for the whole or part of the plaintiff's claim. If, therefore, the plaintiff desires to contest the two items as above stated, a motion will be entertained allowing judgment for the amount of plaintiff's claim less the two mentioned items, and with leave to proceed to trial for the balance of the claim.