# E. B. Weed & Co. *v.* Solomon Weinberger, Appellant.

*Sale of goods by a merchant—Implied warranty—Latent defects.*

It cannot be generally maintained that where the buyer has had an opportunity of examining the article, there is any engagement implied in the contract of sale that the seller warrants against latent defects unknown alike to himself and to the purchaser.

*Warranty—Measure of damages—Defective affidavit of defense—Practice, C. P.*

Assuming representations, made by a merchant vendor " that cloth sold was a first-class article," amount to a warranty, the measure of damages for a breach of warranty is the difference between market value of the goods contracted for and of the goods delivered; and an affidavit of defense is defective which fails to set up with reasonable certainty all the facts which constitute a basis for such assessment.

Argued Oct. 4, 1899.   Appeal, No. 65, Oct. T., 1899, by defendant, from order of C. P. No. 1, Phila. Co., June T., 1898, No. 620, refusing to open judgment and let defendant into a defense.   Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER and BEEBER, JJ.   Affirmed.   Opinion by BEEBER, J.

Rule to open judgment and let defendant into a defense.

It appears from the record that judgment was entered for want of an affidavit of defense in a suit brought to recover the price of certain goods sold.   The defendant obtained a rule to show cause why the judgment should not be opened and defendant let into a defense, filing at the same time his affidavit of defense, whereupon depositions were taken.   The affidavit of defense was as follows:

S. Weinberger, the above named defendant, being duly sworn according to law, deposes and says that he has a just and true defense to the whole of the plaintiff's claim, of the following nature and character, to wit: It is true that the plaintiff sold to this deponent the cloth set forth in the statement of claim filed herein, amounting to $360.53.   Deponent is a manufacturer of clothing, and bought the same from the plaintiff to make into clothing.   Deponent avers that the cloth sold and delivered by the plaintiff to deponent on February 26, 1896, amounting to 205 5-8 yards, and for which plaintiff

charged deponent $179.93, and that the cloth sold and de-livered by the plaintiff to deponent on March 19, 1896, amounting to 242 1-8 yards, and for which plaintiff charged deponent $129.37, was rotten, worthless, and unmarketable, and of no value whatever; that deponent manufactured said cloth into clothing, and sold the same to various customers before he knew the condition of said cloth; that immediately upon the receipt of the goods so manufactured, deponent's customers returned the goods into which the cloth had been made, for the reason that the material was rotten and worthless. Deponent avers that he laid out and expended over $250 for labor and materials furnished in making said cloth into cloth-ing, all of which is a total loss to deponent, for the reason that the goods so as aforesaid returned to him are worthless and unmarketable and cannot be sold. Deponent avers that the plaintiff represented and sold the said cloth to him as a first-class article.

All of which facts deponent expects to be able to prove on the trial of this cause.

The court below refused to open the judgment for $264.44. Defendant appealed.

*Error assigned* was in entering judgment notwithstanding affidavit of defense and testimony taken.

*J. M. Moyer*, for appellant.—Both the affidavit of defense and the depositions show that the cloth sold by Weed & Company to the buyer was rotten, shaded imperfect, and wholly unfit for the purpose for which it was bought. This is not contradicted by any evidence: McPherson v. Bank, 96 Pa. 135; Shaw v. Fleming, 11 Cent. 620; Holt v. Pie, 120 Pa. 425, 440.

*Max Herzberg*, with him *Jacob Singer* and *Emanuel Furth*, for appellee.—The mere averment of a warranty without more is bad: Kaufman v. Cooper Iron Co., 105 Pa. 537, cited with approval in Gould v. Gage, 118 Pa. 559.

The law is that mere representation does not constitute a warranty. If parties mean to warrant, it is very easy for them to say so: Wetherill v. Neilson, 20 Pa. 448.

OPINION BY BEEBER, J., November 20, 1899 :

After judgment had been entered against defendant for want of an affidavit of defense he obtained a rule to open it, offering at the same time his affidavit of defense. After the taking of testimony in support of the facts alleged in his petition, and a hearing, the court below discharged his rule. From this order his appeal is taken. It is clear that if the affidavit of defense does not set forth a legal defense to the plaintiff's statement, the judgment must be affirmed.

The suit is brought to recover the price of certain cloth sold and delivered to the defendant on eight different days. The affidavit of defense says that certain of the cloth sold on two named dates "was rotten, worthless and unmarketable, and of no value whatever," and that when manufactured into clothing and sold to customers, they returned it because the material was rotten and worthless; that defendant expended more than $250 in making said cloth into clothing, all of which was a total loss, and that "plaintiff represented and sold the cloth to him as a first-class article."

We do not think this affidavit is sufficient to prevent judgment. For aught that appears in it defendant received the identical goods which he purchased. He does not say that he ordered the goods without having seen them, and that they did not answer the description, nor that plaintiffs were manufacturers of the cloth and sold it to the defendant for a particular purpose, for which it was unfit, and if he will not say so, we will not infer it. So far as anything appears in the affidavit it was the usual sale on inspection. It is clear that in such sales the purchaser cannot defend on account of bad quality, unless there has been fraud by the seller inducing the sale, or a warranty : Heilbruner v. Wayte, 51 Pa. 259, and cases therein cited. If there has been deceit practiced by the seller it must be alleged with a scienter : Boothe v. Alexander, 4 W. N. C. 492. As was said by Mr. Justice STRONG in Eagan v. Call, 34 Pa. 236 : "It cannot be generally maintained that, where the buyer has had an opportunity of examining the article, there is any engagement implied in the contract of sale, that the seller warrants against latent defects unknown alike to himself, and to the purchaser."

Appellant insists that plaintiff in effect warranted the quality

of the goods because he " represented and sold the cloth to him " (the defendant) " as a first-class article." Although this language appears to be nothing more than the usual salesman's puff, to treat it as a warranty does not help the defendant. " Where goods are sold with a warranty of quality, and are retained by the purchaser, the measure of damages for a breach of the warranty is the difference between the market value of the goods contracted for and of the goods delivered. In an action for the price of the goods, the purchaser may interpose this difference as a defense pro tanto. If an affidavit of defense is required, it should contain a clear and concise statement of the facts which constitute a basis for an assessment of the damages under the legal rule by which they are to be measured. All the elements of a defense should appear with reasonable certainty in the affidavit, and, if any fact essential to complete the defense is omitted, the affidavit is insufficient: " Ogden v. Beatty, 137 Pa. 197. The defendant retained the goods and used them. He states nothing whatever as to the difference between the contract price and market value of the goods at the time they were delivered. He simply names the probable amount expended for labor and material in making the cloth into clothing, but has not stated a single fact that would make those matters proper items of damage on a breach of warranty: Ogden v. Beatty, supra. Under the authority of this case, if we consider there was a warranty in the case under consideration, the court below was clearly right in refusing to open the judgment to let the defendant into a defense.

Judgment affirmed.