# Fuhrman v. Stackman, Appellant.

*Contract—Sale—Affidavit of defense.*

In an action for goods sold and delivered an affidavit of defense is insufficient which simply avers that the goods were not first class and up to date as represented by the vendor, that the plaintiff had to replace them because they were of poor material, and not up to date, and that many customers were thereby caused to leave him, without any averment as in what respect the materials were defective, or what was the difference between the market value of the goods contracted for and the goods delivered, or that the defendant did not have full opportunity to inspect them and determine their quality before accepting them, or that he ever notified the plaintiff that he had any objection to them on that score, or that he ever returned or offered to return any of them.

Argued April 10, 1905.   Appeal, No. 113, April T., 1905, by defendant, from order of C. P. No. 1, Allegheny Co., March T., 1904, No. 579, making absolute rule for judgment for want of a sufficient affidavit of defense in case of N. M. Fuhrman v. C. H. Stachman. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.   Affirmed.

Assumpsit for goods sold and delivered.

The opinion of the Superior Court states the case.

*Error assigned* was the order of the court.

*James Fitzsimmons* and *Frank Whitesell*, of *Whitesell Bros.*, for appellant.

*Alvin A. Morris*, with him *W. A. Way* and *Albert J. Walker*, for appellee.

PER CURIAM, May 17, 1905:

This was an action for the recovery of a balance alleged to be due upon a book account for goods sold and delivered. The account extended over the period from July, 1901, to June, 1902, and payments were made from time to time between October, 1901, and August, 1903.   There is no specific denial in the affidavit of defense that the goods were delivered to and accepted by the defendant, or that the prices charged were correct. What the defendant alleges is that the goods were represented by the plaintiff to be first class in every respect, and that upon

the sale of them to his, the defendant's, customers "it appears that the goods were not first class and up to date, and that affiant had to replace the same on account of said goods and merchandise being of poor material, and not up to date." He claimed damages in the sum of $500, "for defective material which injured and hurt affiant in his business .... and caused many customers to leave him and go elsewhere to get their work done." The affidavit fails to state in what respect the materials were defective, or what was the difference between the market value of the goods contracted for and the goods delivered, or that the defendant did not have full opportunity to inspect them and determine their quality before accepting them, or that he ever notified the plaintiff that he had any objection to them on that score, or that he ever returned or offered to return any of them. Neither express warranty nor fraudulent misrepresentation of the quality of the goods is alleged; nor is a warranty to be implied from the facts alleged: Wetherill v. Neilson, 20 Pa. 448; Shisler v. Baxter, 109 Pa. 443; Mahaffey v. Ferguson, 156 Pa. 156, 170. In view of the significant omissions above alluded to and the course of dealing it is fair to presume that the goods were inspected by the defendant, and that he then knew their grade and quality and made no complaint as to either. Having retained and used them he is bound for the price. And even if a warranty were alleged, the affidavit would be defective and insufficient to prevent judgment, because it does not contain a clear and concise statement of the facts which constitute a basis for the assessment of the damages under the legal rule by which they are to be measured in case of breach of warranty: Ogden v. Beatty, 137 Pa. 197; Weed v. Weinberger, 12 Pa. Superior Ct. 12. This is all that need be said concerning the set-off. But it is claimed that the affidavit was sufficient to prevent judgment because it alleges that a certain credit item of $15.00 in the copy attached to the plaintiff's statement should be $45.00. This averment likewise is vague and ambiguous. If the defendant paid $45.00 on the date mentioned it would have been very easy for him to say so in plain terms and to show how he paid it. The court was right in entering judgment because, as stated in the third exception to the affidavit, it was in every respect vague, evasive and insufficient in law.

Judgment affirmed.