## Dunn v. Pittsburg Jewelry Manufacturing Company, Appellant.

*Affidavit of defense—Practice, C. P.—Warranty.*

1. In an action to recover for a large number of articles of jewelry sold and delivered, an affidavit of defense is insufficient which alleges a warranty, but does not show whether the warranty was written or verbal, and which is evasive and uncertain in respect of the goods alleged to have been warranted.

2. Such an affidavit is also insufficient which avers that the defendant immediately upon discovering the inferiority of the goods notified plaintiff thereof. The defendant is bound to show that he exercised the right to rescind within a reasonable time, and he must therefore set out sufficient facts to show the court what was the actual time at which he gave the notice of rescission.

3. Such an affidavit is also fatally defective if it furnishes no basis whatever for assessing the damages suffered by the defendant on account of the inferiority of the goods.

Argued April 13, 1910. Appeal, No. 2, April T., 1910, by defendant, from order of C. P. No. 4, Allegheny Co., First T., 1909, No. 249, making absolute rule for judgment for want of a sufficient affidavit of defense in case of M. J. Dunn and Milton S. Rodenberg, copartners, trading as Dunn & Rodenberg, v. Pittsburg Jewelry Manufacturing Company. Before RICE, P. J., HENDERSON,

552   DUNN *v.* PITTSBURG J. MFG. CO., Appellant.

Statement of Facts—Opinion of the Court.   [43 Pa. Superior Ct.

MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Assumpsit for goods sold and delivered.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order of the court making absolute rule for judgment for want of a sufficient affidavit of defense.

*A. Seder,* of *Alpern & Seder,* for appellant, cited: Kaufman v. Cooper Iron Mining Co., 105 Pa. 537; Leechburg Co. v. Jennings Bros. & Co., 145 Pa. 559; Wilson v. Belles, 22 Pa. Superior Ct. 477; Newton Rubber Works v. Kahn, 186 Pa. 306.

*S. Leo Ruslander,* with him *A. Leo Weil* and *Charles M. Thorp,* for appellee, cited: Dailey v. Green, 15 Pa. 118; Genesee Paper Co. v. Bogert, 23 Pa. Superior Ct. 23; Gould v. Gage, 118 Pa. 559; Ogden v. Beatty, 137 Pa. 197; Weed v. Weinberger, 12 Pa. Superior Ct. 12; American Watch Tool Co. v. Reed Mfg. Co., 18 Pa. Superior Ct. 24.

OPINION BY MORRISON, J., July 20, 1910:

In this action of assumpsit for the price of goods sold and delivered, it is not disputed that plaintiff's declaration was sufficient and it called for an affidavit of defense. Upon rule and argument, the court below held the affidavit insufficient and refused to permit a supplemental affidavit to be filed because the defendant's counsel failed to comply with the rule and order of the court upon that subject. The sole question for determination is raised by the single specification of error: "That the court erred in making absolute the rule for judgment for want of a sufficient affidavit of defense."

The plaintiff's claim was for goods sold and delivered

to defendant, amounting to $579.40, with credits for goods returned admitted amounting to $189, leaving the balance claimed $390.40. The goods sold were vest chains at $6.50 and $12.00 per dozen; chains at $8.13 per dozen; neck chains at $12.00 per dozen; vest chains at $12.33 per dozen; vest chains at $13.50 per dozen and rings at $6.50 per dozen. These goods were purchased and received by the defendant on different dates from September 5, 1907, to May 4, 1908. The affidavit of defense states in a vague way a representation made on September 5, 1907, by one of the partners in the plaintiff firm, who, it is alleged, "represented to defendant that they, said plaintiffs, would sell to defendant 10 year gold-filled chains; that is, gold-filled chains guaranteed to keep color for at least 10 years, at $6.50 per dozen, and 20 year gold-filled chains, that is, gold-filled chains guaranteed to keep color for at least 20 years, at $12.00 per dozen." The language above quoted is evasive and uncertain in that it cannot be determined whether the words "that is, gold-filled chains guaranteed to keep color for at least 10 years at $6.50 per dozen, and . . . . that is, gold-filled chains guaranteed to keep color for at least 20 years at $12.00 per dozen," are the words of the member of the plaintiff's firm or the construction put upon what he actually did say by the person making the affidavit of defense. "Defendant relying upon said representations, then and there purchased gold-filled chains in the quantities specified in exhibit 'A' and continued to purchase, from time to time, said alleged gold-filled chains. That a mere inspection of said chains cannot and does not disclose the quality thereof, and defendant did not and could not ascertain that said chains were not in fact gold-filled until defendant had sold said chains to its trade and its customers had then returned said chains to defendant, for the reason that they had become black and were not as represented by plaintiff. That when said chains were returned, defendant had them tested, and found them to be electroplated on a cheap metal and

not gold-filled, as represented.   That the chains delivered were of a grossly inferior quality to those sold by plaintiff, and are now black and tarnished.   That immediately on discovering the inferiority of said chains, defendant notified plaintiffs thereof and offered to return the chains to them, but said plaintiffs refused to accept the same, and said chains are still at defendant's place of business, subject to plaintiff's order and at their risk.   That plaintiffs' chains in defendant's possession in a blackened and tarnished condition invoice about $500, and defendant's customers are still continuing to return the same to defendant almost daily."

The above comprises substantially all of the affidavit of defense and we quite agree with the court below that it is insufficient to prevent judgment under the rule found in Gould v. Gage, 118 Pa. 559; Ogden v. Beatty, 137 Pa. 197; Weed v. Weinberger, 12 Pa. Superior Ct. 12; American Watch Tool Co. v. Reed Mfg. Co., 18 Pa. Superior Ct. 24.   In the first place the allegation of a warranty is very doubtful and the affidavit is evasive and uncertain in respect of the goods alleged to have been warranted.   It is not clear that the alleged warranty applied to any goods except those purchased on September 5, 1907.   The language of the alleged warranty is not clearly stated, nor does it appear whether it was written or verbal.

"The mere averment of a warranty, without more, as we said in Kaufman v. Cooper Iron Mining Co., 105 Pa. 537, is bad; the affidavit should disclose whether it was express or implied, set forth its terms, and state when, by whom, and by what authority it was made:" Gould v. Gage, 118 Pa. 559.   To the same effect is Dailey v. Green, 15 Pa. 118; Genesee Paper Co. v. Bogert, 23 Pa. Superior Ct. 23.

The averment that immediately upon discovering the inferiority of said chains defendant notified plaintiff thereof, etc., is insufficient.   The defendant was bound to show that it had exercised its right to rescind the pur-

chase by reason of defects in said goods within a reasonable time. What is a reasonable time when the facts are not in dispute is for the court. This averment seems to be a legal conclusion only. The defendant and the court might not agree on what constituted a reasonable time. The affidavit fails to disclose the dates when the delivery of the goods in question was made; when the goods were returned by its customers; when it discovered the defects and when and how it gave notice to the plaintiff. If the defendant had specifically stated these facts in the affidavit, the court could determine whether the notice was given within a reasonable time. Again, it is clear that the defendant received the goods and placed the same in its store and sold a considerable number of the chains to various customers. And the affidavit does not disclose how many chains were sold and delivered by the defendant, how many were still in the hands of purchasers and how many had been returned.

The defendant's averment that it has in its possession in a blackened and tarnished condition chains invoicing about $500 and customers are still continuing to return the same to defendant's almost daily, is vague and confusing. The plaintiff only claimed for $390.40 worth of goods sold and delivered to the defendant which had neither been returned nor paid for. But the affidavit avers that the defendant has in its possession $500 worth of chains purchased from the plaintiff and the affidavit discloses that there were chains still in the hands of defendant's customers. These facts, we think, strongly indicate that the defendant received the plaintiff's goods from time to time for a period extending from September 5, 1907, to May 4, 1908, and during all that time sales were being made from that stock and chains being returned to defendant, and this negatives the idea that there is any merit in defendant's averment that plaintiff was notified of the inferiority of the chains and an offer made to return the same and that said chains are still at defendant's place of business. How many of them are

there and how many of them are in possession of defendant's customers we cannot learn from the affidavit. If we conceded that the defendant has sufficiently averred a warranty, the affidavit furnishes no basis whatever for assessing the damages suffered by the defendant on account of the inferiority of the chains. The defendant having received the goods and sold a portion of them to its customers, must pay either the contract price or the market value and should, therefore, have set forth in the affidavit of defense the market value of the chains: Ogden v. Beatty, 137 Pa. 197. Mr. Justice McCollum, in that case, speaking for the Supreme Court, said: "When goods are sold with a warranty of quality, and are retained by the customer, the measure of damages for the breach of the warranty is the difference between the market value of the goods contracted for and of the goods delivered. In an action for the price of the goods, the purchaser may interpose this difference as a defense pro tanto. If an affidavit of defense is required, it should contain a clear and concise statement of the facts which constitute a basis for an assessment of the damages under the legal rule by which they are measured. All the elements of a defense should appear with reasonable certainty in the affidavit, and, if any fact essential to complete the defense is omitted, the affidavit is insufficient."

In the present case it is very apparent, from the affidavit of defense, that the defendant was not at any time in a position to rescind the purchase and return the goods, because portions of the chains had been sold to defendant's customers and the evasive language used warrants the inference that at no time was the defendant in a position to rescind the contract and return all of the goods. Therefore, the defendant stood in the position of the defendant in Ogden v. Beatty and was bound to file an affidavit of defense that would meet the requirements of the rule therein stated.

The specification of error is overruled and the judgment is affirmed.