## Standard Automobile Company *v.* Thurston, Appellant.

*Contract—Warranty—Breach of warranty—Affidavit of defense—Practice, C. P.*

1. Where an article of merchandise is sold with a warranty of its quality, and the purchaser retains it after notice of its defects, the measure of damages for the breach of the warranty is the difference between the value of the thing as warranted, and its market value with the quality which it had. In an action for the price, the purchaser may set up the difference as a defense, but the affidavit of defense should set forth a clear and concise statement of the facts which constitute the basis for an assessment of damages under the rule by which they are measured.

2. In an action to recover the price of an automobile retained and used by the defendant, an affidavit of defense setting up a breach of warranty and a resulting money damage in an amount stated, is insufficient which contains no specification of particulars from which the court could determine what the market value of the automobile was, and also fails to set forth with particularity, the defects alleged as the breach of warranty.

*Practice, C. P.—Discretion of court—Refusal to allow third affidavit of defense to be filed.*

3. The appellate court will not review the discretion of the court of common pleas in refusing defendant permission to file a third affidavit of defense after judgment had been entered and opened.

*Pleadings—Statement of claim—Items of account.*

4. Where an account accompanying a statement of claim begins with an item designated as "balance due" followed by an amount stated, such item will be stricken out before judgment is entered for plaintiff for want of a sufficient affidavit of defense.

Argued April 15, 1913. Appeal, No. 9, April T., 1913, by defendant, from order of C. P., No. 4, Allegheny Co., Fourth Term, 1911, No. 194, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Standard Automobile Company v. Leon Thurston. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Rule for judgment for want of a sufficient affidavit of defense.

The material averments of the affidavit of defense are set forth in the opinion of the Superior Court.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*J. Boyd Duff*, for appellant.—The statement is deficient in not showing the amount or sum that each item is reasonably worth and that defendant agreed to pay it: Murphy v. Taylor, 173 Pa. 317.

In doubtful cases the affidavit should not be held insufficient: Schlitz Brewing Co. v. Rosenbluth, 33 Pa.

Superior Ct. 303; Northwest Bldg. & Loan Association
v. Godfrey, 31 Pa. Superior Ct. 237; Wilson v. Bryn
Mawr, 225 Pa. 143.

*R. B. Petty, Jr.,* of *R. B. Petty & Sons,* for appellee,
cited: Dunn v. Jewelry Co., 43 Pa. Superior Ct. 551;
Ogden v. Beatty, 137 Pa. 197; Gould v. Cage, 118
Pa. 559; Ettinger v. Miller, 153 Pa. 457; Lord v. Ocean
Bank, 20 Pa. 384; Witmer v. Bldg. & Loan Assn., 3
Pennypacker, 459; Keim v. Coughlin, 1 Legal Rec. R.
80; Graham v. Hall, 8 Pa. C. C. Rep. 202.

OPINION BY HENDERSON, J., July 16, 1913:

The defense set up in the affidavit and amended affi-
davit of defense is that the plaintiff failed to make good
a warranty alleged to have been given on an exchange of
automobiles by which exchange the defendant got from
the plaintiff an automobile known as a "G" Franklin
car, for which he gave to the plaintiff an automobile
owned by him and his note for $850. Payments subse-
quently made on the note reduced the indebtedness to
$500. The warranty is alleged to have been made "against
all defects both in material, construction and workman-
ship; that the said car would climb all grades on high
gear as good as affiant's old car did" and that the new
car would go at least eighteen miles with one gallon of
gasoline and would prove to be more efficient, economi-
cal and serviceable than the defendant's old car. The
breaches alleged were that the car failed to climb any of
the hills in high gear, that it was found that the crank
case was cracked, causing oil and gasoline to leak; that
after it had been operated 500 miles "new spark plugs
had to be bought;" that it was later found that the com-
pression was weak in the second and third cylinders and
the electric wires were placed where they became soaked
in grease causing a short circuit; that later the springs of
the car and the roller bearings commenced to break and
that at a time not stated the driving shaft broke. Two

cylinders of the engine were replaced, all of the springs were broken, two ball bearings had worn out and both roller bearings were broken. Numerous repairs were required involving a repair bill of over $1,200. The damage is alleged in the amended affidavit of defense in the following language: "Wherefore by reason of the failure of plaintiff's guarantees to affiant and also by reason of the failure of plaintiff to make good to affiant for the defects and faults of the said car after it came into the possession of affiant, affiant avers that he has been damaged by plaintiff and sustained loss to the extent of two thousand ($2,000.00) dollars," for which amount he asked a judgment in his favor. Neither of the affidavits filed denies the execution of the note or the correctness of the account as set forth in the copy of the plaintiff's book account attached to the statement except that the first item in the account of $33.50 "balance due January 1, 1909" is challenged. The whole defense is therefore a countercharge on a breach of warranty. A large proportion of the bill is for gasoline and oil wholly disconnected with the warranty and as to which no defense is suggested except a set-off arising out of the warranty. The standard of comparison as to the efficiency of the car as set forth in the affidavit was the defendant's old car, but the specifications of defectiveness do not give information as to the relative capacity of the cars. It is averred that the car entirely failed to climb any of the hills in high gear, but the power of the old car in this respect is not shown nor is there any information from which a conclusion could be drawn as to the inferiority of the machine because of this lack of efficiency. The assertion that the crank case was found to be cracked causing oil and gasoline to leak out gives no information as to the time when this was found to be its condition or whether this resulted from a cause covered by the warranty, nor is there any statement as to the cost of replacing the defective part. No date is given when the driving shaft broke or when the ball bearings and steering knuckles commenced to

break, nor is there an averment that these defects were the result of the use of unsuitable material or were within the terms of the warranty. If we assume that the allegation is sufficient that before the car had been in use one year every spring had broken, two ball bearings had ground up and both roller bearings had broken we come to the more serious weakness of the defense. The defendant retained and used the automobile. Where an article of merchandise is sold with a warranty of its quality and the purchaser retains it after notice of its defects the measure of damages for the breach of the warranty is the difference between the value of the thing as warranted and its market value with the quality which it had. In an action for the price of goods the purchaser may set up the difference as a defense, but the affidavit of defense should set forth a clear and concise statement of the facts which constitute the basis for an assessment of damages under the rule by which they are measured. The defendant having retained the machine was bound to pay its market value, and this should have been stated with reasonable accuracy in order that his damages might be liquidated: Gould v. Gage et al., 118 Pa. 559; Ogden v. Beatty, 137 Pa. 197. The averment that the plaintiff has sustained damage to the amount of $2,000 contains no specification of particulars from which the court could determine what the market value of the automobile was. On the defendant's theory he would escape payment of his note and the price of a large quantity of gasoline and oil as to payment for which he does not pretend to have any defense and would have a judgment against the plaintiff for $2,000 in addition. The statement of the result is a sufficient answer to the position taken. If the automobile was defective in ascertainable particulars it was practicable to show what the machine was worth with these defects, but in the absence of such averment there is no basis for determining that the defendant is entitled to any abatement of the price.

The defendant filed an affidavit of defense October 19,

1911, and after a rule for judgment for want of a sufficient affidavit of defense filed an amended affidavit December 6, 1911.   After the rule for judgment was made absolute application was made to the court below to open the judgment to permit the defendant to file a supplemental affidavit of defense.   A rule to show cause was granted on this application which was subsequently discharged. ᐧ This action was within the discretion of the court and after two attempts to state a defense and after judgment we cannot say that the discretion exercised was not a proper one.   The limit to litigation would be remote if defendants were permitted in every case to multiply affidavits of defense as the necessities of the case required.

The first item in the account does not set forth a cause of action.   It is described merely as "balance due."   The third section of the act of May 25, 1887, provides that the plaintiff's declaration in an action of assumpsit shall be accompanied by copies of all notes, contracts, book entries, etc., upon which the plaintiff's claim is founded. The item as stated is not such a statement of account as would support an action of assumpsit nor entitle the plaintiff to an affidavit of defense.   It gives no information as to the basis of the plaintiff's averment that there is a balance due him and ought not to be taken into consideration in entering judgment for the plaintiff's claim.   As to the other parts of the account we consider the affidavit insufficient and agree with the court below that judgment should have been entered for the plaintiff.   The judgment is amended by striking out the amount of the first item in the statement of claim "balance due, $33.50" as of the date when the judgment was entered, and as modified the judgment is affirmed.