## Overstreet v. Miller.

*Affidavit of defence—Sufficiency thereof—Sales—Warranty.*

1. An affidavit of defence should contain a clear and concise statement of the facts which constitute a basis for the assessment of damages under the legal rule by which they are measured. A warranty must be clearly stated and not left to inference.

2. Defendant's affidavit of defence to plaintiff's statement of claim for a sale of 260 sacks of potatoes, less freight, admitted the shipment to, and receipt by, him of the potatoes at the price charged, but alleged the sale to him was of potatoes "good and marketable and fit for domestic use," and admitted the sale by him of seventy-three sacks as good and salable, but averred that the remaining 187 sacks were mostly decayed and rotten, and were sold at prices representing losses: *Held*, that the affidavit was insufficient in not showing facts for the proper measure of damage, as for a breach of warranty or as for a breach of contract of sale.

Motion for judgment for want of a sufficient affidavit of defence. C. P. Westmoreland Co., Feb. T., 1921, No. 184.

*Taylor & Taylor*, for plaintiff; *H. H. Dinsmore*, for defendant.

COPELAND, J., Aug. 29, 1921.—This is an action brought by the plaintiff against the defendant to recover the sum of $982.08, with interest from Aug. 13, 1920.

The plaintiff, in his statement in this case, sets forth at the time the cause of this action arose he was engaged in the wholesale produce business in the City of Pittsburgh, Pennsylvania, and the defendant was engaged in the grocery business in the Borough of New Kensington, and as such wholesaler,
1 D. & C.

on Aug. 13, 1920, sold to the defendant 260 sacks of potatoes at $4.25 a sack, upon which sacks he, the plaintiff, was to pay freight charges, which amounted to $122.92, and that the amount for which the potatoes sold was $1105; the freight charges deducted therefrom left the balance of $982.08, for the recovery of which this action is brought.

The defendant, in his affidavit of defence and his amended affidavit of defence, admits that the plaintiff shipped, and he received, the amount of potatoes the plaintiff claims in his statement, and that the price charged was the amount the defendant was to pay, but avers that the plaintiff sold the potatoes to him as good and marketable and fit for domestic use; that 73 sacks of the 260 sacks of potatoes were good and salable and were sold at $4.25 a sack; that the remaining 187 sacks were mostly decayed and rotten and sold for from 50 cents to $1.25 a sack, and that he does not owe the plaintiff the full amount of his claim.

The plaintiff took a rule for judgment for want of a sufficient affidavit of defence to both the original and the amended affidavit of defence, and we are of the opinion that judgment should be entered on the rule, for the reason that the defendant does not deny that he contracted for and ordered 260 sacks of potatoes at $4.25 a sack, or that he received the 260 sacks, but merely infers that there was a warranty that the potatoes were marketable and fit for domestic use. This inference of a warranty as to the condition of the potatoes is not sufficient. It was said in Ogden *v.* Beatty, 137 Pa. 197, 201: "Where goods are sold with a warranty of quality and are retained by the purchaser, the measure of damages for a breach of the warranty is the difference between the market value of the goods contracted for and of the goods delivered. In an action for the price of the goods, the purchaser may interpose this difference as a defence *pro tanto*. If an affidavit of defence is required, it should contain a clear and concise statement of the facts which constitute a basis for an assessment of the damages under the legal rule by which they are measured. All the elements of a defence should appear with reasonable certainty in the affidavit, and if any fact essential to complete the defence is omitted, the affidavit is insufficient."

The defendant in the case at bar has not set forth in a clear and concise statement the facts which will constitute the basis for an assessment of damages; therefore, his affidavit of defence is insufficient.

The defendant in the case received this merchandise, accepted it and undertook to dispose of it, and if the merchandise was in the condition he alleges in the amended affidavit, it was his business to notify the plaintiff and return the merchandise to him, or, having accepted the merchandise from the common carrier, he should have sold them at the market price and so set forth in the affidavit the market values of the merchandise. He did neither. He undertook to dispose of this merchandise at whatever price he chose. This is not the measure of damage for breach of warranty.

It was said in Gould *v.* Gage, 118 Pa. 559, 565: "The affiant further says the tables were 'wholly unfit for the defendant's trade, and not worth to this defendant,' etc. As the defendant kept the goods and did not return them, it was immaterial whether they were fit for his particular trade or not, or what they were worth to him; he should state their value in the market with reasonable accuracy and liquidate his damages accordingly. The affidavit is general in its terms and evasive in its effect."

In the case of Dunn *v.* Pittsburgh J. Manuf. Co., 43 Pa. Superior Ct. 551, 556: "The defendant, having received the goods and sold a portion of them to its customers, must pay either the contract price or the market value, and

Overstreet v. Miller.

should, therefore, have set forth in the affidavit of defence the market value of the chains. . . . In the present case it is very apparent, from the affidavit of defence, that the defendant was not at any time in a position to rescind the purchase and return the goods, because portions of the chains had been sold to defendant's customers, and the evasive language used warrants the inference that at no time was the defendant in a position to rescind the contract and return all of the goods."

And so here in the case at bar, the defendant having received the goods, sold a portion to his customers, he was at no time in a position to rescind the contract or return the goods. Therefore, it is to be seen from these authorities that the affidavit and amended affidavit are both insufficient to prevent judgment.

And now, to wit, Aug. 29, 1921, after argument, and after due and careful consideration, it is ordered, adjudged and decreed that the rule for judgment for want of sufficient affidavit of defence be and the same is hereby made absolute.                          From William S. Rial, Greensburg, Pa.