T. D. GERE ET AL. v. JOHN UNGER.

ERROR TO THE COURT OF COMMON PLEAS OF BERKS COUNTY.

Argued March 7, 1889—Decided April 29, 1889.
[To be reported.]

(a) A statement of claim filed under the procedure act of May 25, 1887, P. L. 271, averred that the payee of a note sued upon, "by delivery transferred the same to the plaintiffs," without an averment of the date of transfer, or of value, or consideration passing from the plaintiffs to the payee.

(b) The affidavit of defence set up fraud in the procurement of the note, giving the particulars thereof, and averred upon information and belief that the note was passed to the plaintiffs by the active agent in the fraud, "in payment and satisfaction of an old debt."

1. The procedure act requiring, not only a copy of the writing sued upon, but a statement of his case, to be filed by the plaintiff, the statement filed in this cause did not show that plaintiffs were bona fide holders for value before maturity with sufficient certainty to entitle them to summary judgment.

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 309 January Term 1889, Sup. Ct.; court below, No. 54 December Term 1887, C. P.

On December 2, 1887, Theodore D. Gere, T. C. Platt and C. F. Johnson, trading as Gere, Platt & Johnson, brought assumpsit against John Unger, filing a statement of claim, which, after the caption of the case, proceeded:

"The above stated action is founded on a promissory note, dated the 18th day of December, 1885, drawn by the aforesaid John Unger, for the sum of three hundred dollars, and made payable to L. A. Beilhartz or bearer, at Mohrsville, Pa., without defalcation, on April 1, 1887, which said L. A. Beilhartz, by delivery, transferred the same to the plaintiff.

"And the plaintiffs aver that the whole amount of said note, together with interest thereon, is due the plaintiffs.

"JAMES A. O'REILLY,
Attorney for Plaintiffs.

Statement of Facts.

"COPY OF NOTE UPON WHICH SUIT IS BROUGHT.

'$300.00                    MOHRSVILLE, December 18th, 1885.

'On April 1, 1887, I promise to pay to L. A. Beilhartz or bearer, Three hundred dollars. Value received, without defalcation, at 6 per cent. interest, payable at Mohrsville, Pa.

'Interest for one year only.                    JOHN UNGER.'"

An affidavit of defence was filed by the defendant. On the hearing of a rule for judgment, an order was made allowing the defendant to file a supplemental affidavit. On September 24, 1888, the defendant filed a supplemental affidavit of defence which averred:

"The note upon which this suit is brought is not an individual transaction, but is a part of other transactions entered into on the same day between the defendant and Irwin Becker, on behalf of the Bohemian Oats Association. The note was given for 30 bushels of oats sold defendant, under the representation that the same were of peculiar quality and productiveness. At the same time, said Becker agreed to sell for said Unger, at $10 per bushel, 60 bushels of oats which said Unger was to raise from the 30 bushels so purchased. Said Becker at the time of said transaction delivered to defendant a paper of which the following is a copy:

No. 63.                    A BOND
from the
PENNSYLVANIA BOHEMIAN OATS ASSOCIATION.
To be signed by our Superintendent, T. Miller.
Bern Township, Berks County, State of Pennsylvania,
MOHRSVILLE, December 18, 1885.

We do hereby agree to sell 60 bushels of BOHEMIAN OATS for Mr. John Unger, at Ten Dollars per bushel, for which the said Unger is to pay 25 per cent. commission for selling. The note given by Mr. John Unger to Mr. L. A. Beilhartz, due April 1, 1887, will not be called for until the above amount is sold at ten dollars per bushel.

$300.                    T. MILLER, Superintendent,
S. J. Hill, Secretary.

"The note in suit was therefore not payable except according to the terms of said agreement 'until the above amount is sold at $10 per bushel.' Said Becker, or Miller, or Bohemian Oats Association, never sold said 60 bushels of oats, but, in-

stead thereof, made conditional contracts for the sale thereof, in pursuance of which said defendant afterwards delivered 60 bushels of oats to different parties for which he never received any pay, the same fraud having been practiced upon said alleged purchasers as was practiced on this deponent, as above set forth, to wit, by the promise and condition that they should only pay on condition of future sale of their product, the same as was agreed with this deponent. Deponent therefore alleges that the whole transaction through which he was induced to sign and deliver the note in suit was a fraud and deception throughout, and a swindle on him perpetrated by said association and its officers and agents.

"After the obtaining of the note in suit, defendant saw it in the hands of T. Miller, the superintendent, who signed said paper. Defendant is informed that, while said Miller so held this note and before its maturity, he delivered it into the hands of the plaintiffs, a firm of agricultural implement manufacturers, residing in Oswego, New York, in payment and satisfaction of an old debt that he owed them for goods of theirs previously obtained from them, with the expectation thereby of preventing this deponent from making any defence on the merits in a suit on the note. Plaintiffs are therefore not innocent holders for value, before maturity, by purchase in the ordinary course of trade. Defendant is entitled to make every defence against them that he could make against the original holder. After diligent inquiry deponent has been unable to find any such party as L. A. Beilhartz, and believes that no such person is in existence, but that the name of said payee was inserted in the said note by said Miller or Becker with the intention of aiding the perpetration of the fraud.

"The deponent therefore never received any value for said note, the 30 bushels of oats delivered to him having been inferior to common oats and not worth more than 30 cents per bushel, making a total of $9, so insignificant a sum in comparison to the amount of the note, that it can be regarded only as a bait to aid the fraud and not as value received.

"All of which defendant is informed and believes to be true, and to constitute a full defence to the plaintiffs' claim, and expects to be able to prove upon a trial of this case."

The plaintiffs again took a rule for judgment for want of a

sufficient affidavit of defence, which rule on January 7, 1889, was discharged by the court, HAGENMAN, P. J., and exception noted for the plaintiffs. The plaintiffs thereupon took this writ, specifying that the court erred in discharging the rule for judgment and in refusing to enter judgment for the plaintiffs.

*Mr. James A. O'Reilly*, for the plaintiffs in error:

1. An examination of the affidavit of defence discloses no such facts as would warrant the inference of fraud as a defence to the note. There was no warranty concerning the quality or productiveness of the oats, and a mere representation of quality does not constitute a warranty: Whitaker v. Eastwick, 75 Pa. 232. The oats association did not guarantee payment for the oats sold for defendant; all that they promised to do. they did, namely, find purchasers for sixty bushels of oats at ten dollars per bushel. If there was any fraud, the defendant entered into the contract with his eyes open, and hence the transaction did not constitute a fraud upon him: Benj. on Sales, 555.

2. But admitting, for the sake of the argument, that a fraud was committed upon the defendant, in obtaining the note in question, how can that affect the plaintiffs in this case? The affidavit avers that while Miller held the note he delivered it before maturity to the plaintiffs "in payment and satisfaction of an old debt that he owed them." Here is an admission that plaintiffs received the note for a valuable consideration, before maturity, and without any notice of any alleged fraud. To what profit, then, would be a trial, when the requirements to prove title, as laid down in Lerch Hardware Co. v. First N. Bank, 109 Pa. 244, to wit, that "the plaintiff will be put to proof that he obtained it before maturity, in good faith, and for value," is admitted? Sloan v. Banking Co., 67 Pa. 472.

3. The averment that while Miller held the note he delivered it to the plaintiffs to prevent the defendant from making defence on the merits, is of no avail: Forepaugh v. Baker, 21 W. N. 299. And the averment that plaintiffs are not holders for value, because they received it "in payment and satisfaction of an old debt," etc., is of no effect, for "if the plaintiff received the note for, that is, as we take it, in payment of an

antecedent debt, he did purchase it for a valuable consideration:" Bardsley v. Delp, 88 Pa. 420. Moreover, nothing but clear evidence of knowledge or notice of fraud, or mala fides, can impeach the prima facie title of a holder of commercial paper taken before maturity: Moorehead v. Gilmore, 77 Pa. 124.

*Mr. C. H. Schaffer* (with him *Mr. F. K. Flood*), for the defendant in error:

1. The plaintiffs not alleging in the pleadings that they are holders for value, and the affidavit of defence alleging that the note was procured by fraud, judgment cannot be entered for the plaintiffs. It will be noticed that in their statement of claim the plaintiffs sue as transferees by delivery, but they do not allege that the transfer was for value, or that they are holders for value. While bills and notes payable to bearer pass by delivery merely, yet in the face of the allegation that the instrument was procured by fraud, how can judgment be entered for plaintiffs when they do not even allege that they are holders for value?

2. The affidavit of defence alleges that L. A. Beilhartz, the payee of the note is a fictitious name. While it has been held in England and in this country that the bearer can recover on such paper: Foster v. Shattuck, 2 N. H. 446; Randolph, §§ 161-4, yet the maker must have known the fictitious character of the payee's name when he executed the note: Maniort v. Roberts, 4 E. D. Smith 83. The unexplained use of the fictitious name as payee, is material here, taken in connection with the other facts alleged in the affidavit of defence, as evidence of the intention to commit a fraud on the defendant.

3. The affidavit of defence alleging such facts as show that the note was obtained from the defendant by misrepresentation, and negotiated in fraud of his rights, it is sufficient to prevent judgment being entered for want of a sufficient affidavit of defence: Hutchinson v. Boggs, 28 Pa. 294. A special plea setting forth such a defence is notice to put the plaintiff to proof that he is a bona fide holder, and an affidavit of defence to the same effect would also be sufficient: Albietz v. Mellon, 37 Pa. 367; Hoffman v. Foster, 43 Pa. 137.

4. The defendant in his affidavit does not admit that while Miller held the note he transferred it before maturity "in pay-

ment and satisfaction of an old debt." The defendant says,
" he is informed," etc. His affidavit showing that he has been
defrauded, shifts the burden of proof and the presumption of
law, and compels the plaintiffs to prove what the defendant
has been informed they claim: Royer v. Keystone N. Bank,
83 Pa. 248; Carpenter v. N. Bank of Republic, 106 Pa. 170;
Lenheim v. Wilmarding, 55 Pa. 76; Smith v. Building Ass'n,
93 Pa. 19; Lerch Hardware Co. v. First N. Bank, 109 Pa. 240.

OPINION, MR. JUSTICE MITCHELL:

The original and supplemental affidavits of defence set up a
clear case of fraud in the procuring of the note upon which the
suit is brought. The particulars of the fraud are given, and it
is also averred upon information and belief that the note was
passed to the plaintiffs by Miller, the active agent in committing
the fraud. It is well settled that this establishes a good
defence against any but a bona fide holder for value before
maturity, and is sufficient to put the plaintiff upon proof of his
right as such holder.

This result would be beyond possibility of question in the
present case, were it not that the supplemental affidavit states
that Miller delivered the note to plaintiffs " in payment and
satisfaction of an old debt." This raises the only doubt in the
case. Taken literally it makes out no defence, and under the
former affidavit of defence law, which required the filing only
of a copy of the note, and supplied by intendment therefrom
all the necessary legal requisites to the cause of action, would
not have been sufficient to prevent judgment. But the proce-
dure act of 1887 requires not only a copy of the writing but a
statement of his case, to be filed by the plaintiff, and if we
examine the statement we find that it avers only that "said
Beilhartz (the payee) by delivery transferred the same to plaint-
iffs." The peculiar language of this statement, not "paid,"
or "sold," or any similar word, but " by delivery transferred,"
and the entire absence of date of transfer, or averment of value
or consideration, passing from the plaintiffs to Beilhartz or
Miller, deprive the statement of sufficient weight as a clear
case for the plaintiffs, to entitle them to a summary judgment.
Moreover the distinction between taking a note as absolute, or
as only conditional payment and satisfaction of an old debt, is

so narrow, and depends so entirely on the exact facts, that the defendant should not be deprived of his right to have the facts fully developed upon a trial, unless the plaintiff has in his statement made out at least such a prima facie case as would meet the defence set up by the affidavit.

For these reasons we are of opinion the court was right in discharging the rule for judgment, and remitting the parties to a full development of the case before a jury.

Order affirmed.