## Genesee Paper Company *v.* E. F. Bogert, Appellant.

*Pleading—Statement—Practice, C. P.—Statement of account.*

In an action of assumpsit for goods sold and delivered the statement averred that the defendant, the owner and publisher of a newspaper "purchased from the plaintiff certain quantities of paper, as per the statement hereto annexed, which were duly delivered." The copy of account filed began as follows: "Rochester, New York, June 6, 1901. Wilkes-Barre Leader, E. F. Bogert, Pub'r. Wilkes-Barre, Pa. To Genesee Paper Co., Dr. " Then followed an itemized statement of the account. *Held*, (1) that the averment taken in connection with the ac-

count clearly showed that the goods were charged to defendant; (2) that the statement was sufficient to call for an affidavit of defense.

In an action for goods sold and delivered where the defendant avers in his affidavit of defense that the goods were delivered under a written agreement, and he sets out the agreement as an exhibit to his affidavit of defense, he cannot complain on a rule for judgment that the statement was insufficient because a copy of the agreement was not filed with the statement, and this especially so where he attempts to set up a defense on the merits.

*Affidavit of defense—Practice, C. P.—Set-off.*

In an action to recover the price of paper sold to the publisher of a newspaper, an affidavit of defense is insufficient which states a set-off of an amount named as an item of damage, and avers that the loss was due to the failure of the plaintiff to ship paper according to contract, whereby the defendant was unable to get his newspaper out in time to supply his subscribers, and was forced to borrow paper and make new contracts for the purchase of paper.

In such a case the affidavit is also insufficient in averring that a certain amount of the paper of a value named, was waste paper and unfit for the purposes for which it was ordered by defendant from plaintiff, and could not be used by defendant for any purpose whatever, without any averment that it was not used.

Another averment is insufficient to the effect " because of the defective condition of sixteen tons of waste paper in running it through the press of deponent, said press became damaged thereby to the amount of $250." Such an averment is defective in not stating what injury was done to the press, what, if anything, there was about the paper to cause it, and what sum, if any, was paid to repair the press.

Argued Jan. 16, 1903.    Appeal, No. 61, Jan. T., 1903, by defendant, from order of C. P. Luzerne Co., Oct. T., 1901, No. 717, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Genesee Paper Company v. E. F. Bogert.    Before BEAVER, SMITH, W. W. PORTER, W. D. PORTER and MORRISON, JJ.    Affirmed.

Assumpsit for goods sold and delivered.

Rule for judgment for want of a sufficient affidavit of defense.

The averments of the statement and the affidavits of defense sufficiently appear by the opinion of the Superior Court.

*Error assigned* was the order of the court making absolute rule for judgment for want of a sufficient affidavit of defense.

*R. B. Sheridan*, with him *John T. Lenahan*, for appellant, cited: Publishing Co. v. Shaw, 8 W. N. C. 162; Wall v. Dovey, 60 Pa. 212; Fritz v. Hathaway, 135 Pa. 274; Kaufman, etc., v. Cooper Iron Mining Co., 105 Pa. 537; Ogden v. Beatty, 137 Pa. 197; Betz v. Shepperson, 8 Atl. Repr. 175.

*William J. Trembath*, for appellee, cited: Blackstock v. Leidy, 19 Pa. 335; Callan v. Lukens, 89 Pa. 134; Port Kennedy Slag Works v. Krause & Sons, 5 Pa. Superior Ct. 622; Peck v. Jones, 70 Pa. 83.

OPINION BY MORRISON, J., April 20, 1903:

This is an action of assumpsit brought by the plaintiff to recover a balance alleged to be due for the price and value of goods sold and delivered to the defendant. Amount claimed $1,210.37. After affidavit of defense and supplemental affidavit filed, the learned court below granted judgment in favor of the plaintiff for the full amount of its claim. The errors assigned are:

1. The court erred in sustaining the exceptions to the affidavit of defense.

2. The court erred in sustaining the exceptions to the supplemental affidavit of defense.

3. The court erred in making the rule for judgment for want of sufficient supplemental affidavit of defense absolute.

The learned counsel for the appellant first argues that the plaintiff's declaration or statement filed is insufficient to call for an affidavit of defense.

But we do not agree with this contention. The declaration averred: " The defendant, E. F. Bogert, is the owner and publisher of the Wilkes-Barre Leader, a newspaper published in the city of Wilkes-Barre, Luzerne county, and purchased from the plaintiff certain quantities of paper, as per the statement hereto annexed, which were duly delivered, and upon which, on the 16th day of February, 1901, the defendant was indebted to the said plaintiff, $1,343.37. The copy of account filed begins as follows: Rochester, New York, June 6, 1901. Wilkes-Barre Leader, E. F. Bogert, Pub'r, Wilkes-Barre, Pa. To Genesee Paper Co., Dr., 1900. Then follows an itemized statement of the account. We think the averment taken in connection with

the account clearly shows that the goods were charged to the defendant, E. F. Bogert. But if any doubt existed on this question the defendant cured it in the first sentence of his supplemental affidavit of defense, where he says : " Plaintiff agreed to sell and furnish to your deponent for use in the publication of the 'Wilkes-Barre Leader,' daily, Sunday and weekly, one hundred tons of paper per year during the year from September 1, 1900, to September 1, 1901 ; that in pursuance of said agreement, the said plaintiff proceeded to ship paper under said contract, and continued to do so until May 28, 1901."

The learned counsel cites Wall v. Dovey et al., 60 Pa. 212. But we cannot see that this case sustains his contention.

It decides that the book entries were insufficient because they did not purport to be charges against the defendant. On the face of the account, a copy of which is printed on page 212, it does not appear that the charges were made against the defendant. In Second National Bank v. Gardner, 171 Pa. 267, the case of Wall v. Dovey, supra, is referred to in the opinion of the Supreme Court by Mr. Justice MITCHELL on page 272, thus : " But this rule and the cases of Harbison v. Hawkins, 81* Pa. 142, and Wall v. Dovey, 60 Pa. 212, cited by appellant, were under the former statutes by which the affidavit was made to the instrument sued on. All the cause of action that the court had before it on the rule for judgment was the copy filed. Under the practice act of 1887, however, the affidavit is to a defense against the statement, and the copy of instrument attached to the latter is merely a matter of evidence," etc. The case of Fritz v. Hathaway, 135 Pa. 274, cited by the appellant, does not sustain his contention. On page 278, the Supreme Court in the opinion by Mr. Justice MITCHELL says : " But the statement itself is too defective to sustain the judgment. In the first place it sets out that the action is founded on a book account or entry, a copy of which accompanies this statement, etc. But the copy does not charge the defendant, nor does the statement say that the original does so. It avers that the charges there made were intended as a personal charge against said defendant." Thus it appears that the account in this case was not against the defendant in terms and the statement did not aver sufficient upon its face to show a legal liability on the part of the defendant. The case of Fritz v. Hathaway is referred to

in Barker v. Fairchild, 168 Pa. 246, but it is there stated, "the copy of the book account adds nothing to the statement as it does not show a charge against anyone."

The appellant sets up in his affidavit of defense that the paper referred to in plaintiff's statement was furnished under and in pursuance of a written agreement dated August 24, 1900, "a copy of which is hereto attached and marked Exhibit A." It is argued that the plaintiff's declaration is fatally defective because a copy of this written agreement was not filed with it. If the appellant had contented himself with averring in his affidavit of defense that the goods claimed by the plaintiff were sold and delivered under a written contract, a copy of which was not filed with the declaration, a different question would have been presented than we now have. He went farther and attached to his affidavit of defense a complete copy of this contract, and the court below had the benefit of it when passing upon the sufficiency of the affidavit and the supplemental affidavit of defense. Therefore we cannot see that any harm resulted from the failure of the plaintiff to file with his declaration a copy of this contract. It is printed in the appellant's paper-book and we have the benefit of it, and have examined it and do not see that it contains anything to prevent the plaintiff from recovering upon the cause of action stated in his declaration, unless the affidavit and supplemental affidavit, taken together, show a good defense to the claim or some portion thereof.

In his original affidavit of defense the appellant avers that he is entitled to a set-off amounting to $1,409.22, and in his supplemental affidavit he states his set-off to amount to $1,795. He first states an item of damage amounting to $500, caused by the alleged failure of the plaintiff to ship paper according to contract, whereby the defendant was unable to get his paper out in time to supply his subscribers, and he was forced to borrow paper and make new contracts for the purchase of paper. We are of the opinion that this averment is too indefinite and uncertain to justify a conclusion that the defendant suffered damages to the amount of $500, or any other sum. He next avers: "That the plaintiff is indebted to the defendant, according to the contract, in that of the paper furnished by plaintiff to defendant, for which $55.00 per ton was paid by

defendant to plaintiff, sixteen tons, making in the aggregate $880, was waste paper and unfit for the purposes under the contract referred to, for which it was ordered by defendant from plaintiff, and could not be used by defendant for any purpose whatever." This peculiar paragraph in the supplemental affidavit of defense is difficult to understand. It does not deny that the defendant received the paper, nor does it deny in clear and explicit terms that he used it. True he says it could not be used, but if he did not use it, it would have been easy to have said so in plain terms. If the defendant means to say that the paper was sold and delivered on a warranty, and that there was a breach of the warranty, he falls far short of stating a good defense on this ground. He kept the paper, did not return it or offer to return it, and, therefore, should have brought himself within the rule laid down in Gould & Company v. Gage, Hitchcock & Company, 118 Pa. 559. In the opinion of the Supreme Court by Mr. Justice CLARK on page 565, it was said: " Upon the question of the sufficiency of the affidavit, we think the court was right; the affiant alleges that the note was given for extension tables which he purchased from the plaintiff upon the warranty that they would be of the same kind and quality as a previous lot, etc. The mere averment of a warranty, without more, as we said in Kaufman v. Cooper Iron Mining Co., 105 Pa. 537, is bad ; the affidavit should disclose whether it was express or implied, set forth its terms, and state when, by whom, and by what authority it was made.

" The affiant further says, the tables were wholly unfit for the defendant's trade, and not worth to this defendant, etc. As the defendant kept the goods, and did not return them, it was immaterial whether they were fit for his particular trade or not, or what they were worth to him ; he should state their value in the market, with reasonable accuracy, and liquidate his damages accordingly. The affidavit is general in its terms and evasive in its effect."

In Ogden v. Beatty, 137 Pa. 197, the Supreme Court in an opinion by Mr. Justice McCollum, on page 201, said : " Where goods are sold with a warranty of quality, and are retained by the purchaser, the measure of damages for a breach of the warranty is the difference between the market value of the

goods contracted for and of the goods delivered.   In an action for the price of the goods, the purchaser may interpose this difference as a defense pro tanto.   If an affidavit of defense is required, it should contain a clear and concise statement of the facts which constitute a basis for an assessment of the damages under the legal rule by which they are measured.   All the elements of a defense should appear with reasonable certainty in the affidavit, and, if any fact essential to complete the defense is omitted, the affidavit is insufficient."   To the same effect is Weed & Co. v. Weinberger, 12 Pa. Superior Ct. 12.

The defendant further states: "That because of the defective condition of sixteen tons of waste paper in running it through the press of deponent, said press became damaged thereby to the amount of $250."   This paragraph clearly implies that the defendant used the paper and it is indefinite and insufficient to sustain the naked allegation that his press was damaged thereby to the amount of $250.   It is not stated what injury was done to the press, nor what, if anything, there was about the paper to cause it, nor what sum, if any, was paid to repair the press, nor the injurious nature or quality of the paper pointed out, so that a reasonable inference could be drawn that the damage to the press was caused by any fault or want of care on the part of the plaintiff, and it is not made to appear that the press in question was subject to anything more than ordinary wear and tear.   What we have here is the bare statement or conclusion that damage was done to the press by reason of some peculiar defective condition of the paper.   We think this averment in the affidavit is wholly insufficient.

The next and last item of defense is stated in this manner: "Further, that of the balance of the forty-two tons, to wit: twenty-six tons, for which defendant paid plaintiff, plaintiff has, since paying for the same, discovered that there were only twenty-three tons furnished by defendant to plaintiff, and therefore defendant claims a set-off of $165, as being overpaid by him to plaintiff."   We might well dispose of this portion of the affidavit by saying that it is contradictory, uncertain and so difficult to understand that it cannot be said to exhibit any defense with such reasonable certainty as is necessary in an affidavit of defense.   It does not point out when and where

the defendant was charged with forty-two tons and it is diffi-
cult to understand what is meant by the reference to twenty-
six tons for which defendant paid plaintiff.   When, where and
how were the twenty-six tons paid for?   What are the cir-
cumstances connected with this transaction?   When and how
was it discovered that there were only twenty-three tons fur-
nished by defendant to plaintiff?   We cannot understand
what is meant by furnished by defendant to plaintiff.   It is
printed in this way in the appellant's paper-book.   We had
supposed that the plaintiff furnished the paper to the defendant.

In Acme Mfg. Co. v. Reed, 181 Pa. 382, Chief Justice STER-
RETT said : " Without the defendant's consent the averment of
the statement cannot be accepted as the legal equivalent of the
copy or copies required by the act."

In McGonigle v. McGonigle, 5 Pa. Superior Ct. 168, in the
opinion of the court by WICKHAM, J., on page 173, it is said :
" But if the statement taken as a whole shows a good cause
of action, and the defendant instead of demurring specially or
objecting in some other allowable way, to a formal defect, rests
his defense exclusively on other matters, he cannot be heard in
the appellate court to object to the judgment for such a defect.
The old and familiar principle was not abrogated by the act of
1887, and it is as fully applicable to pleadings under the act as
it was to pleadings at common law."

It is true that the defendant raised the question, incidentally,
in his affidavits of defense, that the material furnished by the
plaintiff was in pursuance of a written contract, and he at-
tached to his affidavit a full copy of this contract.   But it
seems to us that he rested his defense on other grounds, and
exhibited a willingness both in the court below and here to
have the questions raised determined on the sufficiency of the
plaintiff's statement filed.   Hence we think he ought now to
be held as consenting that there is sufficient upon the record to
enable this court to determine the questions raised upon the
plaintiff's statement and the affidavits of defense.   We think
the plaintiff's cause of action is plainly stated, and that the
affidavits of defense are insufficient to prevent judgment.   The
assignments of error are all overruled and the judgment is af-
firmed.

SMITH, J., dissents.

SMITH, J., dissenting:

I concur in the view that the matters of defense to the action are inadequately stated. The sufficiency of the averment respecting the damages arising from a difference in weight between the paper contracted for and the paper delivered might perhaps be tested by a computation, based on the particulars given in the declaration; but when averments are based on computations, these ought to appear in the affidavit; the court should not be required to make them, or to search the affidavit and declaration for the factors involved. I also regard the declaration and the copy of book entries as sufficiently connected to show that the defendant is the party to whom the entries relate. And if nothing further appeared in the case respecting the cause of action, I should not question the correctness of the judgment entered in the court below.

There are, however, other grounds on which I must regard the judgment as erroneous.

On a rule for judgment for want of a sufficient affidavit of defense, but two questions are presented: (1) Whether the declaration sets forth, in conformity with the essential legal requirements, a cause of action on which the plaintiff is entitled to recover; (2) whether the reply sets up matters of defense sufficient to bar a recovery. It is only when the first question is answered affirmatively that it becomes necessary to consider the second, since a substantial defect in the declaration is fatal to the plaintiff's demand for summary judgment.

I feel constrained to dissent from the affirmance of the judgment, for the reason that a substantial defect in the declaration is made to appear. Under the procedure act of May 25, 1887, the declaration "shall be accompanied by copies of all notes, contracts, book entries, . . . . upon which the plaintiff's claim is founded." Of this requirement our Supreme Court has said: "This is not merely directory; it is absolutely imperative; and if the copy of the written or printed contract on which the action is founded, or any part thereof, does not accompany the statement, and its absence is not satisfactorily accounted for, the omission cannot be supplied by averments of the contents or the substance of the missing paper:" Acme Mfg. Co. v. Reed, 181 Pa. 382. Here the affidavit alleges that the plaintiff's claim is founded on a written contract, which is set forth in extenso;

and the plaintiff is estopped from denying this, since the rule for judgment assumes the truth of the averments in the affidavit. The failure to accompany the declaration with a copy of this contract is a substantial defect, which bars judgment for want of a reply or of a sufficient reply by affidavit. Nor is this failure supplied by the copy appearing in the reply. The declaration must be complete within itself, setting forth all the essentials of a cause of action, and meeting all the requirements of the statute, without support from the reply. The cause of action must be found within its four corners and in the written matters with which, under the statute, it must be accompanied. It is a settled rule of pleading that a substantial defect in the declaration is not aided by pleading over on the part of the defendant. " A judgment for want of a sufficient affidavit of defense is, in effect, a judgment on demurrer:" Fritz v. Hathaway, 135 Pa. 274. On demurrer, the court will consider the whole record, and give judgment against the party in whose pleading the first fault appears, notwithstanding defects in the subsequent pleading of his adversary. A defective plea is a sufficient answer to a defective declaration; in fact, under the procedure act of 1887, a defective declaration requires no reply: Gould v. Gage, 118 Pa. 559; Byrne v. Hayden, 124 Pa. 170; Gere v. Unger, 125 Pa. 644; Barr v. McGary, 131 Pa. 401; Fritz v. Hathaway, 135 Pa. 274; Campbell v. Pittsburg, etc., Railway Co., 137 Pa. 574. That the exhibition, in the reply, of a defect in the declaration, cures that defect, is a proposition to which I cannot assent; nor can I assent to its use in support of the plaintiff's claim when submitted, in good faith, as here, to show a defect in the declaration: Bartoe v. Guckert, 158 Pa. 124. It is only by exhibiting the alleged contract to the court that the question of the sufficiency of the declaration, without an accompanying copy, can be raised; and this, going as it does to the plaintiff's right to summary judgment, must be done in the reply. A denial, in the reply, of the sufficiency of the declaration, is in the nature of a demurrer, and if the declaration is defective the plaintiff is not entitled to judgment: Byrne v. Hayden, supra. And, as I view the case, it is not material whether this question was raised in the court below. It arises directly from the declaration and affidavit. In discussing the sufficiency of the declaration, in Fritz v. Hatha-

way, supra, the Supreme Court says : " It is said that these objections were not made in the court below, and therefore should not be heard here. But the specifications of error raise the question of the sufficiency of the statement ; and, as there are no pleadings on a rule for judgment, there is nothing in the record before us to show whether the particular objections now insisted on were urged in the court below or not. But even if in fact they were not, it would make no difference, because a judgment for want of a sufficient affidavit of defense is, in effect, a judgment on demurrer." Here the question is raised by the specification that the court erred in making the rule for judgment absolute; and if, upon consideration of the declaration and reply, it appears that this was error, the specification is sustained : Gould v. Gage; Byrne v. Hayden; Barr v. McGary; Campbell v. Railway Co., supra. In the case last cited, the action was founded on a decree made by the United States circuit court, sitting in another county, and the declaration was not accompanied by a copy of the record. So far as shown by the report of the case, this omission was not alleged in the reply, nor referred to in the argument; yet it was the first point discussed in the opinion of the Supreme Court, and the declaration was held defective by reason thereof.

The statutory provision, that a copy of the contract on which the action is founded shall accompany the declaration, being " absolutely imperative," it can serve no purpose to conjecture its object or to consider whether the plaintiff's failure to comply with it is prejudicial to the defendant. The requirement is mandatory, and its nonobservance by the plaintiff leaves the declaration defective on a material point.

The case presents an attempt by the plaintiff to recover on a count for goods sold and delivered, while suppressing the written contract on which the claim is founded and the sale and delivery were made. The omission of the contract is the first fault in the pleading ; therefore judgment should be given against the plaintiff, notwithstanding the defects in the reply.