## White v. Sperling, Appellant.

*Practice, C. P.—Pleading—Statement—Copy of contract—Affidavit of defense.*

The provision of the practice act of 1887, requiring a copy of the contract upon which the action is founded to accompany the statement of claim, is absolutely imperative, and not merely directory.

If it is clearly made to appear by the defendant's affidavit that the very contract upon which the statement shows the action is founded is in writing, and the statement is not accompanied by a copy thereof, the defendant has shown a valid reason why summary judgment should not be entered against him, even though he does not set forth a perfectly valid defense upon the merits.

Where an action is brought on a book account and defendant alleges a written contract as a basis for the action upon a breach of which he relies as a defense, and which the plaintiff is ruled to produce, and under oath denies its existence and thereby obtains judgment, and subsequently the existence of the contract in plaintiff's possession is shown, the judgment should be opened. In such a case the fact that the defendant did not give the exact date of the contract, where he otherwise sufficiently designated it, is immaterial. It is error in such a case to enter judgment on the plaintiff's affidavit denying the existence of the contract, without giving the defendant an opportunity to support his contention as to the existence of the contract by depositions.

Argued Oct. 12, 1903.    Appeal, No. 89, Oct. T., 1903, by defendant, from order of C. P. No. 2, Phila. Co., Dec. T., 1902, No. 1042, making absolute rule for judgment, and discharging rule to open judgment.    Before Rice, P. J., Beaver, Orlady, Smith, Porter, Morrison and Henderson, JJ.    Reversed.

Rule for judgment for want of a sufficient affidavit of defense.

Rule to open judgment.

The opinion of the Superior Court states the case.

*Errors assigned* were (1) in making absolute rule for judgment; (2) discharging rule to open judgment.

*Charles L. Smyth*, for appellant.

*Samuel Englander*, for appellee, filed no paper-book.

Opinion by Rice, P. J., January 21, 1904:

This was an action of assumpsit in which the plaintiff declared as follows : "That during the months of May, June and July, 1900, the plaintiff sold and delivered certain bottles to the defendant at his special instance and request at the times, and in the amounts, and for the prices specified in the following statement which is a true copy of the plaintiff's book of original entries." To prevent misunderstanding of the scope of our decision we deem it important to say that the fair and reasonable construction of the statement is, that the plaintiff's action was not founded upon an implied contract of the defendant to pay for the bottles what they were reasonably worth—

for there is no allegation as to their value—but upon an express contract to pay a certain price ; but it does not appear therein whether this contract was oral or written. The defendant in his affidavit of defense asserted that it was in writing, that he had no copy thereof, and that the original was in the plaintiff's possession, and also called attention to the fact that "no copy thereof is attached to the plaintiff's statement." While the rule for judgment for want of a sufficient affidavit of defense, which had been granted was pending, the defendant filed another affidavit, in which he again alleged the existence of the written contract and the plaintiff's possession thereof, and asserted that it was material to his defense that he have a copy, and that he was unable to sufficiently set forth his defense unless he could attach the same to his affidavit of defense. Thereupon the court granted a rule on the plaintiff to show cause why he should not furnish the defendant a copy of "the contract made between them dated about January, 1900," or exhibit the original to the defendant at the prothonotary's office on or before a certain date at an hour to be agreed upon by the parties, and directed all proceeding to stay meantime. Two days before the return day of the rule the plaintiff filed an answer under oath which concluded as follows : "That there never was such a contract and that plaintiff is not now in possession of the same, and never was in possession of the same, and he cannot produce any such contract." On the day following the return day the court discharged the rule to produce the contract. The defendant then filed a supplemental affidavit of defense, in which he asserted that the contract was made with S. Erwin Diehl, acting as the plaintiff's agent, that the latter delivered to him, the defendant, a duplicate copy, which had been lost or mislaid, and after diligent search could not be found, that he had endeavored to obtain a copy from Diehl, but without success, and that he was informed by the latter that the original had been sent to the plaintiff. The court made absolute the rule for judgment. About two weeks later, upon the defendant's petition alleging, inter alia, that he was informed that the contract was in the possession of Diehl & Company, the plaintiff's agents, that the latter had refused to give him a copy, and that he was unable to obtain the same except by subpœna to produce it, at the taking of dep-

ositions, the court granted a rule to show cause why the judgment should not be opened. By Diehl's deposition taken in support of the rule it was shown that such a contract—a copy being produced by the witness—as the defendant had described in his former affidavits, was executed on November 16, 1899, and sent by Diehl to the plaintiff on November 21, who acknowledged the receipt of it, and that a considerable part of the goods specified in the plaintiff's statement, was delivered thereunder. The court discharged the rule. Thereupon the defendant took this appeal and has assigned for error, (1) the making absolute of the rule for judgment; (2) the discharge of the rule to open the judgment.

In the foregoing detailed recital of the proceedings we have purposely omitted reference to the defense on the merits as set up in the affidavit, or as affected by Diehl's testimony given on his cross-examination by the plaintiff's counsel. Before going into that question it is to be determined, first, whether there was compliance on the part of the plaintiff with the provision of the third section of the procedure act of 1887, which requires that the statement "shall be accompanied by copies of all notes, contracts, book entries, . . . . upon which plaintiff's claim is founded," second, whether the defect, if there was one, was waived by the defendant.

Speaking of the foregoing provision, Chief Justice STERRETT said: "This is not merely directory; it is absolutely imperative, and if the copy of the written or printed contract on which the action is founded, or any part thereof, does not accompany the statement, and its absence is not satisfactorily accounted for, the omission cannot be supplied by averments of the contents or the substance of the missing paper. Without the defendant's consent, such averments cannot be accepted as the legal equivalent of the ' copy ' or ' copies ' required by the act, except in the case of papers shown to have been lost or destroyed : " Acme Mfg. Co. v. Reed, 181 Pa. 382. If the defect is discoverable by a mere inspection of the statement of claim and the accompanying paper, as it was in the case cited, and is not waived, the duty of the court to refuse to enter summary judgment against the defendant, despite his objection, is plain. But though it appears by the statement that the action is founded on an express contract, yet if it does not appear therein that it

is in writing, and the statement is sufficient in other particulars it must " be replied to by affidavit." But must the affidavit disclose a complete defense upon the merits, if in fact, though neither averred nor admitted in the statement, the contract declared upon is in writing? Clearly not, if, as was authoritatively declared in the case cited, the provision of the procedure act is not merely directory, but absolutely imperative. To hold otherwise would be to declare that the plaintiff may evade the statute by purposely concealing the fact that the contract is in writing. If it is clearly made to appear by the defendant's affidavit that the very contract, upon which the statement shows the action is founded, is in writing, and the statement is not accompanied by a copy thereof, the defendant has shown a valid reason why summary judgment should not be entered against him, even though he does not set forth a perfectly valid defense upon the merits.

We come then to the second question. It was held in Genesee Paper Co. v. Bogert, 23 Pa. Superior Ct. 23, that in an action for goods sold and delivered, where defendant avers in his affidavit of defense that the goods were delivered under a written agreement, and he sets out the agreement as an exhibit to his affidavit of defense, he cannot complain on appeal from judgment for want of a sufficient affidavit of defense that the statement was insufficient because a copy of the agreement was not filed with the statement; especially so where he attempted to set up a defense on the merits. See also McGonnigle v. McGonnigle, 5 Pa. Superior Ct. 168. But, clearly, that ruling does not apply where the defendant is unable to attach a copy to his affidavit, and persists in his assertion that it is material to an adequate statement of his defense that a copy be furnished, and makes a bona fide effort to compel its production. If in this case the plaintiff had complied with the defendant's demand, it might be argued with great plausibility that the latter could not thereafter object to the omission to attach a copy to the statement. But the plaintiff did not comply. On the contrary he boldly asserted that there was not, and never had been, such a contract in writing as was called for. If it be said that it was then incumbent on the defendant to take deposition in support of his rule, a point we do not decide, the plain answer is, that he was given no opportunity to do so; the

rule was discharged the day after the plaintiff's answer was filed. To say the least, the defendant ought to have been given reasonable time to take depositions in support of the allegations upon which the rule was based; for, surely, it cannot be successfully contended that the court was bound to take the averment of the plaintiff's affidavit for verity and enter summary judgment against the defendant despite his objection, sustained by his affidavit of defense, that the plaintiff had not complied with the act.

There is one other point to be noticed. It was developed upon the rule to open the judgment that the contract under which a considerable part of the goods was delivered was dated November 16, 1899, whereas the rule on plaintiff was to produce a contract "dated about January, 1900." As the contract was otherwise described in the defendant's affidavit in such manner as to leave no room for reasonable doubt as to the identity of the contract called for, the failure to specify its exact date in the rule did not furnish the plaintiff a valid excuse for his refusal to produce it, or valid ground for his sweeping assertion "that there never was such a contract."

Whether we look at the case as it was presented when judgment was entered, or when the rule to open came up for determination, or as it is presented on this appeal, we can discover no act or omission on the defendant's part, which, either in the court below or here, ought to be deemed a waiver of his right to insist upon his objection that the plaintiff had not complied with the mandatory provision of the procedure act. Nor do we see how the plaintiff can be sustained in the course pursued by him without holding, in effect, that although the contract on which an action is founded is in writing, the plaintiff may successfully evade the statutory provision by omitting to set forth the fact in his statement and stiffly denying that there ever was such a contract when duly called upon to produce it, or furnish a copy, in order that the defendant may make an adequate statement of his defense. No such precedent ought to be established.

The order discharging the rule to open judgment is reversed, the rule is reinstated and made absolute, and the record is remitted with a procedendo, the costs of the rule and of this appeal to be paid by the plaintiff,