## McGiffin *v.* Swanson Grocery Company, Appellant.

*Practice, C. P.—Pleading—Statement of claim—Demurrer—Affidavit of defense—Appeals—Assignments of error.*

Where on an appeal from a verdict and judgment for defendant, the error assigned is in overruling defendant's informal demurrer contained in the affidavit of defense to the plaintiff's statement of claim, the question before the appellate court is not whether the statement viewed in the light of the averments of the affidavit of defense was sufficient to entitle the plaintiff to summary judgment, but whether the statement on its face, set forth with sufficient clearness and conciseness the elements of a good cause of action.   If the latter was the case, the appeal will be affirmed.

*New trial—Refusal—Discretion of court—Appeals.*

The refusal of a new trial, where the application is based on the allegation that the absence of the defendant and his counsel at the trial was without fault on their part, is not ground for reversal unless there has been a clear abuse of discretion.   If the defendant in his depositions in support of a motion for a new trial simply seeks to show a valid excuse for the default, and makes no attempt to show a meritorious defense, the appellate court will consider that the discretion of the lower court was wisely exercised.

432      McGIFFIN *v.* SWANSON CO., Appellant.

Statement of Facts—Opinion of the Court.  [29 Pa. Superior Ct.

Argued Oct. 24, 1905.   Appeal, No. 24, Oct. T., 1905, by defendant, from judgment of C. P. McKean Co., June T., 1903, No. 40, on verdict for plaintiff in case of Harvey McGiffin v. Swanson Grocery Company.   Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Assumpsit for goods sold and delivered.  Before BOUTON, P. J. The opinion of the Superior Court states the case.

Verdict and judgment for plaintiff for $259.13.   Defendant appealed.

*Errors assigned* among others were (4, 5) in not entering judgment for the defendant on the demurrer; (9) refusing new trial.

*H. E. Shaffer*, with him *H. K. Shaffer* and *Geo. A. Berry*, for appellant.

*Sheridan Gorton* and *T. F. Richmond*, for appellee.

PER CURIAM, November 20, 1905 :

The appellant's paper-book, even as amended after the motion to suppress was made, fails, in one or two particulars, to conform strictly to our rules.   Passing these objections, we find that the two questions sought to be raised are :  First, whether there was error in overruling the defendant's informal demurrer, contained in the affidavit of defense, to the plaintiff's statement of claim ; second, whether the court erred in discharging the rule for a new trial.

The first question is to be determined by an inspection of the statement alone ; the question is not whether the statement, viewed in the light of the averment of the affidavit of defense, was sufficient to entitle the plaintiff to summary judgment. This distinction has been overlooked, or at least due weight has not been given to it, in the appellant's printed argument and citation of cases.   The statement, on its face, sets forth with sufficient clearness and conciseness the elements of a good cause of action ; therefore, the distinction above suggested being observed, it needs no argument to show that the

court committed no error in overruling the demurrer. If it had been clearly made to appear by the defendant's affidavit that the very contract upon which the statement showed the action was founded was in writing, a copy of which was not attached to or set forth in the statement, and the court had entered judgment for want of a sufficient affidavit of defense, and this appeal were from that judgment, an entirely different question would be presented to which our decision in White v. Sperling, 24 Pa. Superior Ct. 120, would be pertinent. It is not pertinent to the question actually presented on the record before us.

The refusal of a new trial, where the application is based on the allegation that the absence of the defendant and his counsel at the trial was without fault on their part, is not ground for reversal unless there has been a clear abuse of discretion. The depositions taken in this case in support of the rule did not so clearly and satisfactorily show a valid excuse for the default of the defendant and its counsel as to make it the imperative duty of the court to grant the application. When it is observed further, that the defendant took no depositions to show a meritorious defense, we think it plain that the discretion of the court was wisely exercised.

All the assignments of error are dismissed and the judgment is affirmed.