# D'Olier Engineering Company *v.* Central Newspaper Union, Limited, Appellant.

*Affidavit of defense—Evasive affidavit—Practice, C. P.—Contract.*

In an action by one corporation against another for labor performed and materials furnished in performing certain electrical work and installing a motor, an affidavit of defense is insufficient to prevent judgment which is evasive and equivocal as to the extent to which the president of the defendant company directed the work and also as to the existence of an alleged guaranty, and as to who made the guaranty on behalf of the plaintiff.

Argued Dec. 16, 1908.  Appeal, No. 187, Oct. T., 1908, by

defendant, from order of C. P. No. 4, Phila. Co., June T., 1908, No. 1,439, making absolute rule for judgment for want of a sufficient affidavit of defense in case of D'Olier Engineering Company v. Central Newspaper Union, Limited.    Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.  Affirmed.

Assumpsit on a contract.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was the order of the court making absolute rule for judgment for want of a sufficient affidavit of defense.

*William MacLean, Jr.,* for appellant.

*G. H. Stein,* with him *W. B. Linn,* for appellee.

OPINION BY MORRISON, J., February 26, 1909:

In this action of assumpsit the plaintiff's declaration claimed the sum of $929.38, with interest, for work and labor done and material furnished for the defendant company at its special request, by its president, J. G. Monihan; the said work being done and material furnished under the direction of the said Monihan. To the claim of the plaintiff fully and specifically set up in the declaration, the defendant filed an affidavit of defense and a rule being entered for judgment for want of a sufficient affidavit of defense, the defendant, subsequently, without leave of court, filed a supplemental affidavit of defense.  The learned court below held the affidavits insufficient and granted judgment for the amount of the plaintiff's claim.  The assignments of error complain of this action of the court.

A careful examination of the affidavits of defense convinces us that they are evasive, equivocal and insufficient.  A very material averment in the plaintiff's declaration is that the plaintiff furnished efficient workmen who executed the work as requested by the defendant in a good and workmanlike manner and were at all times under the direct instruction of the said

John G. Monihan, president of the defendant company. Another important item in the declaration is that the defendant is further indebted to the plaintiff in the sum of $385.88 for materials sold and delivered to the defendant company at the request of the said Monihan, president. The declaration also avers that all of the above work was done and materials supplied at the request of and under the instructions of the defendant as aforesaid; that the work was performed by competent workmen and done in a proper and workmanlike manner; that all the materials furnished were good and sufficient materials and that the prices charged for the work and materials are fair, reasonable and market prices in every instance. But no question is raised as to the sufficiency of the plaintiff's declaration and we only make these references to it for the purpose of calling attention to some of the defects in the affidavits of defense.

In his statement of the questions involved, the learned counsel for appellant states that the plaintiff expressly agreed to instal the motor so that it would successfully operate certain machinery; that the motor was improperly installed and would not operate the machinery in question, whereupon the plaintiff changed the location of it, when it then did operate the machinery successfully, and that defendant claims as a deduction from the amount claimed by plaintiff the amount of labor consumed in changing the location of the motor; and that the plaintiff agreed to supply the materials required for the work at cost, but that the prices charged by the plaintiff were in excess of cost, for which excess a deduction is claimed by defendant. Now turning to the affidavit of defense, made by John G. Monihan, where an attempt is made to deny that the work was done and the material located under the direction of the defendant, we find the following: "He further avers that the workmen and engineer sent by the said plaintiff to perform the work in question were under the direction of the said plaintiff and were not under the direction of the said defendant. The said defendant, while indicating his desires to the workmen and engineer furnished by the said plaintiff, did not attempt to interfere with their judgment in the performance of the work." This we consider evasive and equivocal. Of course, the workmen and engi-

neer were sent under the direction of the plaintiff to do the work, but, in our opinion, considering the specific averment in the declaration, and the guarded language in the affidavit of defense on this point, the inference is irresistible that the machinery was erected according to the desires or instruction of Monihan. We do not think the affidavits sufficiently aver an original agreement on the part of the plaintiff guaranteeing the result of the performance of the work, nor is there sufficient in the affidavits to show that if the plaintiff placed the motor where the defendant "desired" it to be placed, the plaintiff should not be paid, even if the motor did not thereafter perform the work expected of it by the appellant.

If the statement of the question involved means to set up a guaranty, the affidavits fail to sustain it. Who made such an agreement on behalf of the plaintiff, and by what authority was it made? The mere statement of a guaranty and nothing more is insufficient. "The affidavit should disclose whether it was expressed or implied, set forth its terms and state when and by whom and by what authority it was made:" Genesee Paper Co. v. Bogert, 23 Pa. Superior Ct. 23. Referring to the material furnished, the first affidavit contains the following: "Deponent further avers that the failure of the plaintiff to have the plant in operation on Monday, May 11, as was agreed to by the plaintiff, has caused him considerable loss of time and has created considerable dissatisfaction with his customers." This averment is insufficient. The affidavit does not allege sufficiently an agreement on the part of any one authorized to bind the plaintiff corporation to have the plant in operation on May 11, nor does it liquidate any damages caused by the failure to do this. The next paragraph in the affidavit relative to furnishing the material at cost is wholly insufficient. The defendant evidently realized this and undertook to correct it in the supplemental affidavit. But we regard the statement therein on this question little, if any, better than that contained in the first affidavit. What is meant by "at cost"? Cost to whom? Costs when and where? The reference to estimates procured by the deponent in the supplemental affidavit is insufficient and uncertain. The affidavit is fatally defective in respect of the allegation of the

agreement that the material should be furnished at cost. It reads thus: "that at the time of giving the order it was verbally agreed between the plaintiff and deponent on behalf of the defendant, that the materials furnished should be supplied by the plaintiff at cost." This plaintiff is a corporation and it could not make an agreement except through some person or persons duly authorized. The affidavit ought to have stated who made this agreement for the plaintiff. If the fact had been stated, it might prove to be some one having no authority whatever.

Under the averments in the declaration the presumption of law is that the plaintiff would be entitled to the fair market price for the material furnished and the affidavits of defense signally fail to show that such price should be reduced to actual cost at some time or place not definitely stated. Considering the affidavit and supplemental affidavit together as one does not convince us that the learned court below erred in entering judgment in favor of the plaintiff for the amount of its claim.

The judgment is affirmed and the appeal dismissed at the costs of the appellant.